## TEXAS & N. O. R. CO. v. MILLER BROS. et al. (No. 7403.)

Court of Civil Appeals of Texas. Austin. Dec. 11, 1929.

Rehearing Denied Jan. 8, 1930.

See, also, 22 S.W.(2d) 988.

Baker, Botts, Parker & Garwood, of Houston, and E. A. Landman, of Athens, for appellant.

Bishop & Holland, of Athens, for appellees.

McCLENDON, C. J. Suit by Miller Bros. against the railroad company for damages to 143 head of stocker cattle, shipped from Fort Worth, Tex., to Kemp, Tex. Judgment for plaintiffs for' $635.50 upon a special issue verdict. Defendant has appealed.

Appellant contends that the evidence will not support the verdict, in that there was no proof of specific acts of negligence. The shipment was not accompanied by a drover, and allegations of negligence were substantially the same as those in St. Louis Southwestern Ry. Co. v. Weathersbee (No. 7405) 22 S.W.(2d) 986, which we held amounted to nothing more than a general allegation of negligence.

Appellant's contention (citing Gulf, C. & S. F. Ry. Co. v. Godair, 3 Tex. Civ. App. 514, 22 S. W. 777) that, since the cattle were not intended for market, but were to be put on the range, the depreciation in market value at destination by virtue of the injuries received was not the proper measure of damages, is overruled. Gulf, C. & S. F. Ry. Co. v. Stanley, 89 Tex. 42, 33 S. W. 109.

Error is further predicated upon objection to the eighth special issue on the measure of damages on the ground that it "merges two controlling issues into one issue and submits a combination of issues in one question." The evidence showed, and the jury found, that 7 animals were either killed in transit, or died shortly thereafter from their injuries. The evidence also showed that the remaining 136 head were more or less skinned and bruised, and that their market value thereby depreciated from $3 to $5 per head. The trial court submitted two special issues on the measure of damages; the fifth, which asked the amount that would reasonably compensate plaintiffs for "loss in market value of the cattle," which the jury answered $408, and the eighth, which asked the amount that would reasonably compensate plaintiffs "for their loss on the cattle," which the jury answered $635.50. The specific objection to the eighth special issue when read in the light of the evidence manifestly called for separation of the damages for the cattle that died from those that were only injured. When the two special issues are taken together, we think they have substantially this effect; and in the light of the evidence it seems plain that the jury under the fifth issue allowed $3 per head for the 136 head, and under the eighth issue allowed $32.50 per head for the 7 that died, and added to that amount the $408 already found, making a total of $635.50. If it be conceded as a general proposition that appellant had the right to have these damages itemized, we can see no injury in the present case from a denial of this right; and this is the criterion whether the error is harmful and calls for a reversal.

We find no such error in the record, and the trial court's judgment is affirmed.

Affirmed.