## GRAY v. CHEATHAM.

### No. 7950.

Court of Civil Appeals of Texas. Austin.

March 28, 1934.

Rehearing Denied April 11, 1934.

Critz & Woodward, of Coleman, for appellant.

J. D. Dibrell, Jr., of Coleman, for appellee.

BAUGH, Justice.

This is the second appeal of this case. The first is reported in (Tex. Civ. App.) 52 S.W. (2d) 762. The pleadings were the same on both trials, and the evidence practically the same, most of it being read to the jury on the second trial from the court reporter's transcript thereof made from the first trial. The reversal on the first appeal was because of the submission of an improper measure of damages, improper admission of certain evidence, and improper argument of counsel. The only issue presented on this appeal not decided adversely to appellant on the former appeal relates to the issues submitted to the jury. These issues were:

"Special Issue No. 1: Do you find and believe from a preponderance of the evidence that Frank C. Groves, deceased, promised the plaintiff to compensate her, by will or otherwise, for the nursing and care of himself and wife, in addition to the specific amounts paid her per day for her services? Answer Yes or no." Answer: "Yes."

"If you have answered Special Issue No. 1 'Yes', then you will answer the following Special Issue; but, if you have answered same 'No,' then you need not answer the following:

"Special Issue No. 2: What amount of money do you find from a preponderance of the evidence would be the reasonable value of the services rendered by the plaintiff to F. C. Groves and wife, in addition to what she has already been paid. Answer in dollars and cents." "$4,500.00."

Appellee alleged that she had rendered services to Groves and wife during a period of 940 days in a dual capacity; one as housekeeper and the other in the capacity of nurse. She admitted in her pleading "that plaintiff has been fully paid for her services as housekeeper, but has been paid nothing for nursing services." Her testimony was to the same effect. The case was tried on the basis that only the nursing services were involved, and

pay for such services appears to have been the only issue involved, so far as this appeal is concerned. Appellant urgently insists that, under the form in which issue No. 2 was submitted, the jury was authorized to, and probably did, go back into and reconsider the value of her household services, for which she had admittedly already been paid in full, add thereto the value of her nursing services, and then deduct from such total so arrived at the amount she had already been paid; that is, that, if the jury should conclude that she had not been paid enough for her household services, a matter not involved in this suit, they could have revalued such household services, have added thereto the value of her nursing services, then have deducted the amounts paid, and thus enable her to recover more than the value of her nursing services, in spite of the fact that nursing services were the only services upon which she sued.

While the form in which special issue No. 2 was submitted, strictly construed, does relate to all services rendered by appellee, when it should have been restricted to the "nursing services" sued for, under all the facts and circumstances, and when taken in connection with special issue No. 1 and the court's instruction following that issue, we think the jury could not reasonably have been misled, and that the error, if any, was harmless. The evidence was sufficient to sustain the jury's finding of said amount for nursing services alone. Special issue No. 1 related clearly to the agreement of Groves to pay for nursing services, independent of, and in addition to, the household services rendered. They were instructed not to answer special issue No. 2, unless they found that such agreement was made. The value of the services for which they found was "in addition to what she has already been paid." The only other services which she claimed to have rendered were household services, for which she admitted in her pleadings and in her testimony that she had been fully paid, and for which she made no claim. Under these facts and circumstances, we think it affirmatively appears that the jury could not have been misled by the charge; that they did not take into consideration her household services in arriving at their verdict; that their finding cannot reasonably be construed in any other manner than as a finding of the value of her nursing services only; and that the result would have been the same if issue No. 2 had been expressly limited to "nursing" services.

Under these circumstances, we think the trial court's judgment should be sustained.

The other issues presented were disposed of on the former appeal, and it is unnecessary to discuss them here. For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.