TRADERS & GENERAL INS. CO. v. WILDER.

No. 11558.

Court of Civil Appeals of Texas. Galveston.

Oct. 7, 1943.

Rehearing Denied Nov. 4, 1943.

Kemper, Hicks & Cramer, of Houston, and Lightfoot, Robertson & Gano, of Fort Worth (E. B. Robertson, of Fort Worth, of counsel), for appellant.

Allen, Helm & Jacobs and J. Edwin Smith, all of Houston, and Everett Cain, of Anahuac (J. Edwin Smith, of Houston, of counsel), for appellee.

MONTEITH, Chief Justice.

This is an appeal in a workman's compensation suit brought by appellee, E. L. Wilder, to set aside an award of the Industrial Accident Board in favor of appellant, Traders & General Insurance Company, and to recover compensation for injuries alleged to have been sustained by appellee by reason of a scaffold falling with him to a cement or tile floor, while in the course of his employment with Fred Berry, who carried compensation insurance with appellant.

The cause was submitted to a jury on special issues. Upon their answer to such issues judgment was rendered against appellant and in favor of appellee for the sum of $6622.15, payable in a lump sum.

Under its first point, appellant complains of the action of the trial court in rendering judgment for appellee for compensation for total permanent incapacity for 401 weeks at $20.00 per week, for the alleged reason that there exists an irreconcilable conflict in the answers of the jury to such special issues in finding that both total and partial permanent incapacity existed at the same time, precluding the entry of any judgment for appellee for compensation for any incapacity.

On the trial of the cause appellant's counsel conceded to the court and to the jury that appellee had sustained some permanent disability as a result of an injury on January 30, 1942, while working within the scope of his employment for his employer.

Appellee alleged in his original petition that he had sustained injuries to his upper back and neck and to his foot, heel and ankle from which he was totally and permanently incapacitated to perform labor. Appellant expressly denied appellee's allegations of injuries to his upper back and neck and contended that the trouble thereto resulted from causes wholly independent of any such injury and that appellee's injuries were confined to his right foot.

The record shows that when the plaintiff fell on the occasion in question, he hit his back and neck on a tile floor and a piece of equipment. There is evidence that he complained of pain in his neck and back. Dr. Dan E. Bruhl, a witness for appellee, found

injury to his back and neck, in addition to the injury to his foot. He attributed the injuries to appellee's back and neck to the fall. Drs. Best and Bell, witnesses for appellant, also found injuries in appellee's back and neck. They attributed this trouble to arthritis resulting from infection and age.

In submitting the case to the jury the court in special issues Nos. 1, 2 and 2a inquired whether or not the appellee sustained any accidental personal injury to his upper back and neck on January 30, 1942, while working within the scope of his employment. The jury found in answering these issues that appellee had sustained such injuries, that they were accidental, and that they were sustained in the course of his employment. Conditioned upon affirmative answers to issues Nos. 1, 2 and 2a, the court submitted special issues Nos. 3, 4, 5, 6 and 6a, inquiring whether or not the appellee sustained any total and permanent incapacity to labor as a result of "the personal injuries, if any, sustained by E. L. Wilder on or about January 30, 1942." These issues were answered in the affirmative.

Special issues Nos. 7, 8, 9 and 10 inquired as to whether or not appellee sustained any incapacity to labor as a result of the injuries to *only his upper back and neck*. The jury found in answer to special issues Nos. 7, 8, and 9 that the injuries to appellee's upper back and neck resulted in partial incapacity, that such partial incapacity began on the date of his fall, and that such partial incapacity to labor was permanent. Special issue No. 10 was conditioned on an affirmative answer to special issue No. 9, and inquired as to the period of time, if any, that partial incapacity, if any, had or would continue after the beginning thereof. It was not answered, since the jury had found in answer to special issue No. 9 that appellee's injuries were permanent.

In its judgment the trial court expressly stated that the charge was drawn in view of the fact that appellant had conceded to the court that the appellee sustained compensable injuries permanent in nature to his right foot. Appellant also made this concession to the jury in argument.

█ It is a fundamental principle of procedure in this State that a jury's verdict and a court's charge must be construed as a whole in the light of the pleadings and the evidence. Gray v. Cheatham, Tex.Civ.App., 70 S.W.2d 248, writ of error refused; West v. Cashin, Tex.Civ.App., 83 S.W.2d 1001, writ of error dismissed; Texas & N. O. R. Co. v. Miller Bros., Tex.Civ.App., 22 S.W. 2d 989.

█ It is also the settled law of this State that apparent conflict in the jury's answers should be reconciled, if this can be reasonably done in the light of the facts of the particular case, the pleadings and evidence, the *manner in which the issues were submitted*, and in view of the other findings, when considered as a whole. Hicks v. Dunlap, Tex. Civ.App., 59 S.W.2d 884, writ of error refused; Texas Ind. Ins. Co. v. Bridges, Tex. Civ.App., 52 S.W.2d 1075, writ of error refused; Van Deventer v. Gulf Production Co., Tex.Civ.App., 41 S.W.2d 1029, writ of error refused; Merritt v. King, Tex.Civ. App., 66 S.W.2d 464, writ of error refused; Bragg v. Hughes, Tex.Civ.App., 53 S.W.2d 151; 41 Tex.Jur. 1224, Sec. 360.

█ While a cursory inspection of the answers to the special issues in question suggest the possibility of a conflict, looking at and construing the charge and verdict as a whole, in view of the pleadings and the evidence and the particular facts presented in this cause, and taking into consideration the concession of injury to appellee's foot made by appellant during the trial, we think that they can be reasonably and logically reconciled and made compatible with each other by the following analysis:

(1) Special issues Nos. 1, 2 and 2a were submitted for the sole purpose of determining whether or not the appellee in his fall on January 30, 1942, sustained compensable injuries to his upper back and neck. These issues specifically refer to his upper back and neck;

(2) Special issues 3, 4, 5, 6 and 6a were submitted for the purpose of determining whether or not the appellee sustained total and permanent incapacity to labor as a result of *all the injuries* sustained in the fall. When the jury came to answer these issues they had already found compensable injuries to the upper back and neck and had been advised by counsel for appellant that it conceded injuries to the right foot;

(3) Special issues Nos. 7, 8, 9 and 10 expressly restrict the injuries to the upper back and neck. In submitting these issues the court does not use the unrestricted term "personal injuries", but does use the restricted term "injuries to his upper back and neck";

(4) Special issues Nos. 11, 12, 20, 21, 22 and 23 were concerned solely with the injury to the appellee's right foot. In these issues the court does not use the unrestricted term "personal injuries" but does use terms referring only to injury to the right foot.

In construing the charge and verdict with a purpose and duty to reconcile apparent conflicts in view of the pleadings and evidence, the charge as a whole and the particular facts of the case, it will be readily seen that the findings that the appellee was totally incapacitated as a result of *all his injuries* are not in conflict with findings that he is partially incapacitated as a result of *part of his injuries*.

It follows that appellant's contentions in this regard must be overruled.

Appellant complains of the action of the trial court in failing to submit to the jury for a finding thereon issues as to whether the partial incapacity and the total incapacity of the appellee found by the jury to have been the result of his claimed injuries were only temporary.

■ It is well settled in this state that in a workman's compensation case, a general denial raises the issues of partial incapacity, whether the incapacity is permanent or temporary, provided such incapacities have been pled and there is evidence that the partial incapacity is only temporary. Associated Indemnity Corporation v. McGrew, Tex. Civ.App., 142 S.W.2d 567, affirmed 138 Tex. 583, 160 S.W.2d 912, and cases there cited; United Employers Cas. Co. v. Bezdek, Tex. Civ.App., 146 S.W.2d 473, writ of error dismissed.

■ Further under Rules 94 and 279, Texas Rules of Civil Procedure, appellant was required to plead temporary disability affirmatively in order to be entitled to a submission of these issues as affirmative defenses.

■ The record shows that appellee pled only total and permanent disability. Appellant pled temporary disability only as applied to the right foot. It alleged that the condition of plaintiff's neck and back resulted solely from matters other than injury. Since neither party pled general temporary incapacity, there was no error, we think, in the failure of the court to submit such issues.

Appellant complains of the action of the trial court in submitting to the jury, over its alleged objections, special issue No. 10 and not affirmatively inquiring as to what period of time a partial incapacity had or would continue after the beginning thereof.

Special issues Nos. 9 and 10 read:

"Special Issue No. 9.

"From a preponderance of the evidence, do you find that such partial incapacity to labor, if any, is permanent? Answer 'Yes' or 'No'."

To which the jury answered "Yes".

"If you have answered the immediately preceding Issue 'Yes', you need not answer the following question; if you have answered the immediately preceding Issue 'No', then answer the following question:

"Special Issue No. 10.

"From a preponderance of the evidence, for what period of time, if any, do you find that said partial incapacity to labor, if any, has or will continue after the beginning thereof, if any."

To which the jury made no answer.

■ It will be readily seen from a reading of above issues that special issue No. 10, to which the objection was directed, was not a submission, conditional or otherwise, of the issue of temporary disability. It merely inquired as to the duration of a partial incapacity to labor in the event the jury had found in answer to said special issue No. 9 that appellee was partially incapacitated to labor. Traders & General Ins. Co. v. Ray, Tex.Civ.App., 128 S.W.2d 80.

■ Further, the record does not show that appellant requested the submission of an issue on temporary disability and its objections to special issue No. 10 as submitted were that said Special issue was not clear or intelligible, but was conflicting and not, as here contended, that the conditional submission of the issue deprived appellant of the defense of temporary disability. Under above facts, we think that appellant waived this alleged ground of error.

Appellant further contends that this case should be reversed because the verdict and answer of the jury to special issue No. 13, to the effect that the appellee had no earning capacity during the period of his partial incapacity, is without any evidence to support it, and that such finding is directly contrary to the uncontradicted evidence and the overwhelming weight and preponderance of the evidence.

There is no error, we think, in submitting special issue No. 13 or in entering judgment on the answer thereto. While it is true that appellee did some work and earned some money after he was injured and prior to the time of the trial, there was evidence which, if believed, warranted an inference that he was unable to do so, and that he was discharged from jobs because of the handicap resulting from his injuries. Dr. Bruhl testified that he was totally and permanently incapacitated to labor and that he would aggravate his condition if he worked. Appellee was at the time of the trial about 65 years of age and trained only for the carpenter's trade.

It is the settled law of this State, that, in cases of this character, the working and earning of money after sustaining injuries is not conclusive on the issue of incapacity, but is evidentiary and to be considered with other facts and circumstances. Traders & General Ins. Co. v. Ray, Tex. Civ.App., 128 S.W.2d 80, writ of error dismissed, correct judgment; Davies v. Texas Employers Ins. Ass'n., Tex.Com.App., 29 S.W.2d 987; Travelers Ins. Co. v. Richmond, Tex.Com.App., 291 S.W. 1085; Southern Underwriters v. Grimes, Tex.Civ.App., 146 S.W.2d 1058, writ of error dismissed, correct judgment; 45 Tex.Jur. 588, Section 161.

It follows from above conclusions that the judgment of the trial court must be in all things affirmed.

Affirmed.