James L. STALDER, Appellant,

v.

Hickman Oscar BOWEN, d/b/a Bowen Express Company, et al., Appellees.

No. 16255.

Court of Civil Appeals of Texas.

Dallas.

Dec. 6, 1963.

Rehearing Denied Jan. 3, 1964.

Johnson, Bromberg, Leeds & Riggs, Dallas and Bath, Turner & Lloyd, Henderson, for appellant.

Akin, Vial, Hamilton, Koch & Tubb, Dallas, for appellees.

WILLIAMS, Justice.

James L. Stalder brought this suit seeking damages for injuries to his wife, a pedestrian, who was struck by a truck owned by one of the defendants, and driven by its employee, as she crossed Cedar Springs Road at Hedgerow in the City of Dallas. Plaintiff based his action upon numerous acts of negligence on the part of defendants who, in turn, defended by alleging a number of contributory negligence acts on the part of plaintiff's wife. The trial was to a jury and at the conclusion of the evidence a large number of special issues were submitted to the jury which was unable to agree on the answers to all issues submitted. The court received the partial verdict and, based upon the jury's affirmative answer to an issue of contributory negligence on the part of plaintiff's wife, rendered judgment for the defendants. Plaintiff appeals on nine points of error which we have carefully considered and, finding no merit to any of them, they are overruled and the trial court's judgment is affirmed.

## FACTS

On July 5, 1960, at about 8:45 A.M., Dorothy Stalder, appellant's wife, was a passenger on a city transit bus going in a northerly direction on Cedar Springs in the City of Dallas. Her place of employment was two blocks west of Cedar Springs on Hedgerow Street. At the southeast corner of Hedgerow and Cedar Springs there is a regular bus stop and when the bus stopped at this intersection Mrs. Stalder alighted from the bus. Another woman passenger alighted from the bus behind Mrs. Stalder. After Mrs. Stalder left the bus she proceeded around the front of the bus to cross Cedar Springs going West on the south side of Hedgerow. A truck operated by appellee Wilson and owned by appellee Bowen Express Company, was also proceeding in a northerly direction on Cedar Springs. Wilson came into view of the stopped bus for the first time when his truck reached a point about 350 feet south of the bus. At that time Mrs. Stalder had already dismounted from the bus and was apparently in front of the vehicle. Wilson did not see Mrs. Stalder as he approached the bus. When he was within about fourteen feet from the bus, he turned to go around the bus and proceeded around the same with his vehicle occupying the center of the street which was an asphalt paved street without a center stripe painted thereon. Mrs. Stalder apparently did not see the approaching truck as she dismounted from the bus and started across the street. As Wilson passed the bus he was traveling from fifteen to eighteen miles

per hour and did not see Mrs. Stalder as she crossed the street until she was within two to five feet of him. The left front of the truck struck Mrs. Stalder as she was approximately ten feet from the west side of the bus, past the center of the street. Mrs. Stalder sustained serious personal injuries which prevented her from testifying at the trial.

In response to special issues the jury found (1) that the operation of appellee's truck partly on its left hand side of the road within one hundred feet of the intersection was the proximate cause of the injuries to Mrs. Stalder; (2) that the bus was stopped at an unmarked crosswalk; (3) that the bus was not stopped to permit Mrs. Stalder to cross the roadway; (5) that Wilson, the driver of appellee's truck, did not fail to keep a proper lookout on the occasion in question; (11) that appellee's truck was not being operated at a speed of more than thirty miles per hour; (13) that appellee's truck was not being operated at an excessive speed; (15) that the failure of the driver of appellee's truck to sound the horn was not negligence; (17) that the failure of the driver of appellee's truck to turn it to the left was not negligence; (19) that the driver of the truck, by the use of all means at his command and safety to himself and the truck, could not have avoided the injury to Mrs. Stalder; (25) that Mrs. Dorothy Stalder failed to keep a proper lookout on the occasion in question; (29) that Mrs. Stalder was within an unmarked crosswalk; (31) that Mrs. Stalder's injuries were not the result of an unavoidable accident. The jury did not answer Special Issue No. 32 concerning damages nor did they answer Issues 7, 8, 9 and 10 inquiring whether Mrs. Stalder had the right-of-way over the truck.

Special Issue No. 26, because of its importance in this appeal, is copied as follows: "Do you find from a preponderance of the evidence that at the time, place and occasion in question Dorothy Jones Stalder suddenly left a curb or other place of safety?", to which the jury answered, "Yes". In answer to Special Issue No. 26-A the jury found that such conduct on her part was negligence, as defined, and in answer to 26-B the jury found that such negligence was a proximate cause of the accident in question. In answer to Special Issue No. 27 the jury found that Mrs. Dorothy Jones Stalder walked or ran into the path of defendant's Chevrolet panel truck and in answer to Special Issue No. 27-A the jury found that Dorothy Jones Stalder walked or ran into the path of defendant's Chevrolet panel truck when such truck was so close that it constituted an immediate hazard. Issues 27-B and 27-C, inquiring as to whether this constituted negligence and a proximate cause of the accident were unanswered by the jury.

Appellant objected to the submission of the 26th series of questions and the 27th series of questions, not only for the reason that there was no evidence, but that the evidence was wholly insufficient to support the submission of same; and also that the manner in which Special Issues 26 and 27 were submitted amounted to splitting ultimate issues and therefore did not constitute the proper submission of ultimate issues of fact, but merely amounted to the submission of evidentiary issues not sufficient to support a judgment. Following the verdict the appellant objected to the granting of a judgment based upon these issues, *inter alia,* that there was no evidence or insufficient evidence to support the answer thereto.

Consideration of appellant's points requires a summary of material testimony. Mrs. Dorothy Murphy, a passenger on the bus, sitting in the front right seat, testified that she watched Mrs. Stalder as she got off of the bus and immediately turned in front of the bus and walked in a westerly direction. She said that she could see the top part of Mrs. Stalder's head as she walked in front of the bus; that her motion appeared to be "continuous and appeared to be rapid"; that she continued to observe Mrs. Stalder's head until the driver of the bus came between her and Mrs. Stalder; that about that time she saw a bit of color,

a reddish rusty brown that came up on the left hand side of the bus which she later found to be a panel truck. She said that it was only a "split second" from the time she saw the truck until she heard the noise of the truck striking Mrs. Stalder.

The bus driver, J. B. Hughes, sitting in the bus driver's seat, testified that he saw Mrs. Stalder get off of his bus and turn in front of the bus and start walking to the West; that her action was continuous and that she did not stop or hesitate before she walked from behind the bus into the street. He said that as she reached the left front corner of his bus he observed the truck coming from the rear and at that moment it was a little past the rear end of the bus. He said that Mrs. Stalder never did turn her head to the left as she left the front of the bus and that she continued to take continuous steps in a westerly direction into the path of the truck. He said that from the time Mrs. Stalder cleared the left corner of the bus until the collision was "one second or two seconds at the outside".

Appellee Wilson, the driver of the truck, testified that he was in the act of passing the bus, traveling from fifteen to eighteen miles per hour; that the first time he saw Mrs. Stalder she was two to five feet from him; that she was running in the street and that he did not have time to swerve his truck or sound the horn before he struck her. He said that after Mrs. Stalder left the front of the bus she looked towards his truck and that he heard her holler: "Oh, no." He said she did not stop at the corner of the bus to look to see if anything was coming from the South going North.

## OPINION

In his first four points, briefed together, appellant contends that the court erred (1) in refusing to set aside the judgment based on the incomplete verdict of the jury which contained insufficient findings to support the judgment; (2) in rendering judgment based upon the jury's answer to Special Issue No. 26, 26–A, and 26–B, because such basic issue No. 26 submitted an evidentiary fact and not an ultimate fact issue. By his Points 5 through 9 inclusive, briefed together, appellant asserts that there was no evidence or insufficient evidence to support the submission of or the jury's answer to Special Issue No. 26 only.

Rule 301, Texas Rules of Civil Procedure provides that the judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict. Rule 290, T.R.C.P. defines a verdict as a written declaration by the jury of its decision either on a general charge or special issues submitted. While Rule 290 T.R.C.P. refers to "the whole or all the issues submitted", it is now well established that the trial court has not only the right, but the duty to receive a partial verdict which will sustain a judgment. In order to support the entry of a judgment based upon a partial verdict the answers made by the jury must be of such a nature that the winning party was entitled to judgment no matter what the jury may have said in response to the unanswered issues. Blanton v. E. & L. Transport Co., 146 Tex. 377, 207 S.W.2d 368; Colls v. Price's Creameries, 244 S.W. 2d 900, Tex.Civ.App. err. ref. n. r. e.; Cannon Ball Motor Freight Lines v. Grasso, Tex.Civ.App., 59 S.W.2d 337; affirmed, 125 Tex. 154, 81 S.W.2d 482; State Bar of Texas "Personal Injury Litigation in Texas," Page 880, Section 14.9. While the law requires the court to submit every issue that is essential to a recovery or a defense, a jury finding upon one or more of such submitted issues may compel a judgment, irrespective of any finding that could be made upon the other issues. 41B Tex.Jur. Sec. 575, pp. 786–787; Speer's Special Issues, Sec. 424; Lamb v. Isley, Tex.Civ.App., 143 S.W.2d 202; Williams v. Patterson, Tex. Civ.App., 170 S.W.2d 269.

Accordingly, we hold that it was not error for the trial judge to receive the incomplete verdict in this case and base a judgment upon the answers given by the jury, providing that such answers com-

pelled the rendition of such judgment. This brings us to a consideration of the crucial question in this case, that is, whether Special Issue No. 26, and its subject issues, was a proper issue and compelled the issuance of a judgment thereon, regardless of the failure of the jury to answer other issues

■ Before proceeding further, however, we think it appropriate to direct attention to the rule that a trial judge, in rendering judgment upon a special issue verdict, must construe such verdict as a whole in the light of the pleadings and the evidence. Gray v. Cheatham, Tex.Civ.App., 70 S.W.2d 248, writ. ref.; West v. Cashin, Tex.Civ.App., 83 S.W.2d 1001, err. dism.; Texas & New Orleans RR. Co. v. Miller Bros., Tex.Civ.App., 22 S.W.2d 989; Traders & General Insurance Co. v. Wilder, Tex. Civ.App., 186 S.W.2d 1011, err. ref.

■ When we apply this rule of law, and consider the verdict as a whole, in the light of the pleadings and the evidence, and especially the undisputed evidence and admissions, we are of the opinion that Special Issue No. 26 was, in this particular case, an appropriate ultimate issue. The problem of the proper terminology to be utilized in the submission of special issues in any particular case is not one easy of solution. Our courts have recognized this problem and have established the principle of law that the problem of submitting controlling, as opposed to evidentiary special issues, should rest largely wthin the discretion of the trial court, such discretion not to be disturbed upon appellate review except in cases of probable harm. McDonald Texas Civ. Practice, Vol. 3, Sec. 12.06, pp. 1062–1063; Harvin, Ultimate or Controlling Issues in Texas, 25 Tex. Law Review, 391, 406; Dallas Railway & Terminal Co. v. Straughan, Tex.Civ.App., 254 S.W.2d 882; H. E. Butt Grocery Co. v. Johnson, Tex. Civ.App., 226 S.W.2d 501, err. ref. n. r. e.

■■ Under the peculiar facts and circumstances adduced in evidence in this case, the trial court was clearly faced with the problem of submitting an issue, from a defensive standpoint, of whether Mrs. Stalder was negligent in the manner in which she conducted herself immediately prior to the time she was struck by the truck. Defendant had pleaded that plaintiff's wife was guilty of a statutory (both state and municipal) violation. The prime question presented was whether she suddenly moved out into the street from behind the bus into the path of the vehicle approaching. We are of the opinion that the evidence with respect to Mrs. Stalder's movements, illustrated above, clearly gives rise to both statutory and common law issues. Fort Worth & Denver Ry. Co. v. Barlow, Tex. Civ.App., 263 S.W.2d 278, err. ref. n. r. e. While defendant did not plead both statutory and common law negligence on the part of Mrs. Stalder, the submission of a common law defense, as it was done in Special Issue No. 26, was not inappropriate since plaintiff failed to object to the submission thereof on the grounds that it was not supported by pleadings, thereby waiving any objection thereto.

■ Appellant argues that Special Issue No. 26 was not proper in that it was based primarily upon a statutory or municipal violation (Art. 6701d, Vernon's Ann.Civ.St., Sec. 77 and Sec. 27 of Art. 85–13 Dallas City Ord.) which prohibits a person from leaving a place of safety and going out into the street in front of the vehicle which is approaching so closely as to constitute a hazard, and since the issue only submits the first part of the violation and not the second part, same is incomplete and evidentiary in nature. It must be remembered that the trial court is required to submit only controverted issues, and no jury finding is necessary to establish undisputed facts. Wright v. Vernon Compress Co., 156 Tex. 474, 296 S.W.2d 517. There was no necessity for the trial court to submit Special Issues Nos. 27 and 27–A inquiring as to whether Mrs. Stalder walked or ran into the path of the defendant's vehicle at a time when it was so close to constitute an

immediate hazard. These facts are undisputed by the evidence, and moreover, appellant admits that it is undisputed that Mrs. Stalder either walked or ran into the path of appellee's vehicle. To accomplish this the truck would necessarily have to be so close as to constitute an immediate hazard to her, as a matter of law. In this state of the record the only ultimate issue was whether Mrs. Stalder ran or walked from a place of safety "at the time and on the occasion in question". The very nature of the terminology of the question itself confined the jury in its consideration of this question to the facts and circumstances as they existed at that very time. Moreover, when we view the verdict as a whole the picture becomes much clearer and conclusively demonstrates that the court was correct in submitting Special Issue No. 26. The jury found that appellee's truck driver was not driving too fast or in failing to blow his horn. It also found that the truck driver had no time to avoid the accident and that he did not fail to keep a proper lookout. It is undisputed that Mrs. Stalder did not look prior to the time she came out from behind the safety of the bus and, in fact, the jury found that she did not keep a proper lookout. The evidence is uncontroverted that Mrs. Stalder either walked or ran suddenly from behind the bus into the path of the oncoming vehicle. The trial judge defined "negligence" and "proximate cause" in the usual fashion which included the element of foreseeability on the part of Mrs. Stalder. Certainly Mrs. Stalder had constructive knowledge of the danger which would be involved in moving suddenly from her place of safety in front of the bus out into a busy street. Such facts charge her with knowledge of a potential danger that a person of ordinary prudence would have avoided. It is clear to us from the record here demonstrated, that but for Mrs. Stalder's act of suddenly entering the street from immediately in front of the bus, where she could not see or be seen, the accident would not have occurred. The undisputed evidence, the admission of appellant, and the issue as submitted by the court in Series No. 26, would all justify the rendition of a judgment against appellant. Appellant's Points 1 through 4 are overruled.

As to appellant's Points 5 through 9, inclusive, we have carefully reviewed the evidence in its entirety in the light of the rule announced by the Supreme Court in In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, and find that there is not only some evidence, but ample evidence to support the jury's verdict in this case. Therefore, appellant's Points 5 through 9 are overruled.

The judgment of the trial court is affirmed.

Affirmed.