**Flora R. GARCIA, an Individual, Appellant,**

v.

**Lester Paul WILLMUTH, Individually and as Next Friend of Sherry Jane Willmuth, a minor, Appellees.**

**No. 6450.**

Court of Civil Appeals of Texas, El Paso.

Dec. 10, 1975.

Scott, Hulse, Marshall & Feuille, Richard Munzinger, James L. Gallagher, James T. McNutt, Jr., El Paso, for appellant.

Pearson, Speer, Oden, Hardie & Caballero, Ray Pearson, Barney Oden, El Paso, for appellees.

## OPINION

PRESLAR, Chief Justice.

This suit is for damages for personal injuries to a minor pedestrian struck by a motorist in a marked crosswalk. Trial to a jury resulted in a verdict and judgment for the minor pedestrian. Error in the failure to submit requested issues of the defendant motorist requires reversal and remand for another trial.

In addition to the failure to submit certain issues, there is also present on appeal the question of proper submission of the defendant motorist's negligence under Paragraph (b) of Sec. 77, Article 6701d, Tex.Rev.Civ.Stat.Ann.

The plaintiff-Appellee was struck by the defendant-Appellant's car as she and two companions crossed Trowbridge Street in El Paso when plaintiff stepped from in front of another car into the path of defendant's car.

The jury, in response to special issues, found the defendant negligent in failing to keep a proper lookout and failing to yield the right-of-way. The trial Court refused to submit defendant's requested Special Issues Nos. B, C and D inquiring whether plaintiff attempted to cross the traffic lane occupied by defendant's vehicle

at a time when she could not do so with safety, whether such action was negligence and a proximate cause; an appropriate definition of negligence as it applies to a minor child was submitted with these issues. Also refused were defendant's requested Issues Nos. E, F, G and H inquiring whether plaintiff suddenly left the curb or other place of safety and walked or ran into the path of defendant's vehicle at a time when defendant's vehicle was so close that it was impossible for defendant to yield, whether such action was negligence and a proximate cause of the accident.

The requested issues are supported by proper pleadings and there is no argument as to the sufficiency of the evidence to require their submission. Rules 277 and 279, Tex.R.Civ.P., require the court to submit the controlling issues and the cases are legion upholding that right of a party. A defendant is entitled to an issue on each act of contributory negligence supported by proper pleadings and evidence. *Kainer v. Walker*, 377 S.W.2d 613 (Tex.1964).

In addition to the broad but controlling rules above alluded to, the question of the submission of these particular issues is controlled by the case of *Stalder v. Bowen*, 373 S.W.2d 824 (Tex.Civ.App.—Dallas 1963, writ ref'd n. r. e.). There, almost identical issues were held to be properly submitted. In that case, the plaintiff was struck when she stepped from in front of a bus into the path of defendant's truck. As regarded the plaintiff Mrs. Stalder's actions immediately prior to the incident, the court held that her movements clearly gave rise to both statutory and common law issues for the defendant. As to the common law defenses in our case, it should be noted that the Court did submit an issue on the plaintiff's keeping a proper lookout. That did not suffice, for the issue of proper lookout does not include the issue of placing oneself in an unprotected position. *Broesche v. Bullock*, 427 S.W.2d 89 (Tex.Civ.App.—Houston (14th Dist.) 1968, writ ref'd n. r. e.); *Stalder v. Bowen, supra.*

Defendant's requested Issues E, F, G and H can be termed statutory defenses under Sec. 77(a), Art. 6701d, Tex.Rev.Civ.Stat. Ann. Appellee urges that these are merely excuses or attempted excuses for violations of Sec. 77. Section 77, entitled "Pedestrians' right-of-way in crosswalks" reads as follows:

"Sec. 77. (a) When traffic-control signals are not in place or not in operation the driver of a vehicle shall yield the right-of-way, slowing down or stopping if need be to so yield, to a pedestrian crossing the roadway within a crosswalk when the pedestrian is upon the half of the roadway upon which the vehicle is traveling, or when the pedestrian is approaching so closely from the opposite half of the roadway as to be in danger, but no pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield. This provision shall not apply under the conditions stated in Section 78(b).

"(b) Whenever any vehicle is stopped at a marked crosswalk or at any unmarked crosswalk at an intersection to permit a pedestrian to cross the roadway, the driver of any other vehicle approaching from the rear shall not overtake and pass such stopped vehicle."

This is a portion of the Texas version of the Uniform Act Regulating Traffic on Highways, and one who violates a provision of the Act commits a misdemeanor. Art. 6701d, Sec. 22.

■ Issues on the actions of a pedestrian suddenly leaving a place of safety and walking or running into the path of a vehicle when it is so close that the driver cannot yield, are not excuses for the conduct of the driver; clearly, they relate to acts of the pedestrian—acts which alone could be the cause of an accident and constitute negligence or contributory negligence. In *Stalder v. Bowen, supra*, it was held that an issue inquiring whether the plaintiff suddenly left a place of safety was "an inappropriate

ultimate issue." The Court said that but for such act, the accident would not have occurred. In *Dabol v. United States*, the Ninth Circuit Court of Appeals, construing a like provision, held that a pedestrian violating such provision could be guilty of contributory negligence as a matter of law, or found guilty thereof as a matter of fact on conflicting evidence. The Court said that this was the majority view. (337 F.2d 163, 1964). It follows, from what has been said, that we are of the opinion the Court erred in the case before us in not submitting the defendant's requested issues. For such errors, the case must be reversed and remanded for another trial.

In view of another trial, it is necessary to consider the Court's submission of the defendant's violation of Paragraph 77(b), supra. In this connection, by Issue No. 3 the jury was asked if the failure of the defendant to yield the right-of-way was negligence. Issue No. 4 asked if such negligence was a proximate cause. Between Issue 3 and 4 of the charge was an instruction in the words of 77(b):

"In connection with this issue and issue No. 4 below, you are instructed that whenever any vehicle is stopped at a marked crosswalk at an intersection to permit a pedestrian to cross the roadway, the driver of any other vehicle approaching from the rear shall not overtake and pass such stopped vehicle."

Thus Issue No. 3 assumed that the defendant failed to yield the right-of-way given to the pedestrian by Paragraph (b) of Sec. 77. If such were the facts, then the defendant was in violation of Paragraph (b) as a matter of law; that was negligence per se and there was no need for Issue 3 or the instruction; it was a matter of law for the Court. *Farias v. Gaitan*, 312 S.W.2d 273 (Tex.Civ.App.—San Antonio 1958, writ ref'd n. r. e.), is a case very much in point on that.

It cannot be said as a matter of law that the factual situation described by Paragraph (b), Sec. 77, existed here. There is evidence from which a jury could have found this set of facts not to exist in its entirety. Plaintiff, in urging the violation of this penal statute, had the burden to prove the elements of the violation.

James Riley was in the lane nearest the curb; the children approached, and he stopped his car at the crosswalk. Plaintiff crossed in front of Riley's car and was struck by the defendant's car as it passed the Riley car. The defendant said at one point that the Riley car was stopped and at another point that it was not. The same is true of the testimony of Riley, who said when he was asked if he was at a stop when the girls came off the curb: "I'm not sure. It was about the time—about the time I stopped they were moving so it's hard for me to really say."

"Q. It was at the time you were stopping or you were stopped, is that a fair statement?"

"A. Yes, sir."

Asked at another point if he knew whether he was stopped when the girls entered into the roadway, Riley answered:

"I think that they entered—it's possible they entered the crosswalk before my car was completely at a stop.

"Q. To the best of your recollection you were probably moving when those girls moved into the crosswalk?

"A. It was almost simultaneous. My car came to a stop and they scampered across."

Riley also testified that the defendant's car was to his left and behind him about one car length as they were both moving down the street toward the crosswalk. Riley's wife, who was a passenger in the front seat of his car, testified that the defendant's car did not pass theirs, that it came to a stop almost evenly with theirs, or that it just barely passed them "two or three feet."

If, on another trial, this evidence is the same or similar, an issue or issues to fit plaintiff's burden of proving violation of

the penal statute would be appropriate. For example, in *Stalder v. Bowen*, supra, issues were submitted to determine whether the bus was stopped at an unmarked crosswalk and whether the bus was stopped to permit the pedestrian to cross the roadway.

The judgment of the trial Court is reversed, and the cause remanded for another trial.