**Alfonso S. VELASQUEZ, Administrator of the Estate of Martina Velasquez, Appellant,**

v.

**Effie S. LEVINGSTON and Donald Walter Levingston, Appellees.**

No. 1459.

Court of Civil Appeals of Texas, Corpus Christi.

March 27, 1980.

Keith L. Merrick, Port Lavaca, for appellant.

William F. Seerden, Cullen, Carsner, Seerden & Williams, Victoria, for appellees.

## OPINION

YOUNG, Justice.

This is an appeal by the plaintiff of an unfavorable judgment in a wrongful death action. The appellant, Alfonso S. Velasquez, is the administrator of the estate of Martina C. Velasquez. In the original suit he alleged that Mrs. Velasquez, deceased, was struck by a car driven by appellee, Donald Walter Levingston, as she was walking across the street in a marked crosswalk. Trial was to a jury and a take nothing judgment was entered based on the jury's findings that the percentage of negligence attributable to Mrs. Velasquez was greater than that attributable to Levingston. Velasquez appeals. We affirm.

The evidence presented to the trial court involved primarily testimony as to what transpired before and after the accident. Other than appellee Levingston, there were no other eyewitnesses to the actual moment of impact between the automobile driven by the appellee and the deceased. By and large, the collision was established by circumstantial evidence. See *Morsch v. Metzger*, 520 S.W.2d 564 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.).

The accident occurred on April 5, 1977, at approximately 7:00 p. m. in a residential area of Port Lavaca, Texas. Estimates of the exact moment of the collision range from just before 7:00 to 7:30, but it is apparent that the accident occurred near dusk.

The deceased, an elderly woman of 72 years of age, was seen shortly before the accident preparing to cross the street. The last witness to see her testified that Mrs. Velasquez was standing in the grassy area next to the street. Directly in front of the location where Mrs. Velasquez was standing was a marked crosswalk. It was the opinion of one witness that the deceased was moving toward the crosswalk just seconds before the accident. There was also testimony that the deceased crossed the street often and always used the crosswalk.

The appellee, on the other hand, testified that as he approached the intersection there was no one in the crosswalk. He did not see the deceased until just before impact. He also testified that it was dark and that the lights of his car were on as well as the lights of oncoming cars. As to location of the accident, the appellee testified that his car first struck the deceased several feet beyond the crosswalk.

The officer investigating the accident testified that skid marks began just before the crosswalk. The first spot of blood was found ten feet on the other side of the crosswalk. The officer, however, could not testify as to the exact location of impact. The speed of the appellee's vehicle was estimated by the officer to be 34 miles per hour.

Mrs. Velasquez was taken to the hospital immediately after the accident. It was estimated that some 40 minutes elapsed between the moment of impact and the time of her death. During that time, several witnesses testified that she appeared to be in great pain. It was disputed, however, whether the deceased was conscious at anytime during those 40 minutes.

Appellant brought this suit as administrator of the estate for wrongful death under Tex.Rev.Civ.Stat.Ann. art. 4675 (1940), and for conscious pain and suffering of the deceased under Tex.Rev.Civ.Stat.Ann. art. 5525 (1958). The defendants to the suit, the appellees here, were Effie S. Levingston, the owner of the car, and Donald Walter Levingston, the driver of the car.

Three issues were submitted to the jury inquiring about the negligence of the parties involved in the accident. The first issue involved the negligence of the driver in his speed, in his application of his brakes, and in his lookout. The jury answered only the lookout question in the affirmative, together with the accompanying proximate cause issue. The second issue inquired about the negligence of the decedent's lookout, which was also answered in the affirmative, together with the companion proximate cause issue. A comparative negligence issue (No. 3) was submitted also, to which the jury attributed to the decedent 75 percent and to Levingston 25 percent of the negligence that caused the accident. The jury answered "0" to both damage issues (No. 4 and No. 5).

The appellant requested and submitted in writing several instructions concerning the actions of the deceased before the accident. One of these instructions was as follows:

"You are instructed that a deceased person is *presumed* to have exercised ordinary care for his or her own safety."

The appellant asserts in his first point of error that the trial court wrongfully refused to submit this instruction. We disagree.

■ Although there is a presumption in Texas that the decedent exercised ordinary care for her own safety, it does not follow that such a presumption should be presented to the jury in the form of an instruction. This is so because the only effect of this presumption is to fix the burden of producing evidence and is not evidence of something to be weighed along with the evidence. *Armstrong v. West Texas Rig Company*, 339 S.W.2d 69 (Tex. Civ.App.—El Paso 1960, writ ref'd n. r. e.). The trial court did not err in refusing to submit the instruction to the jury. Appellant's first point is overruled.

Appellant also requested the following instruction relating to the rights of pedestrians in a crosswalk:

"You are instructed that a pedestrian crossing the street within a marked and designated crosswalk has the right-of-way over motor vehicles."

In the second point of error, appellant complains that the trial court committed error in failing to submit this instruction.

Rule 279 states in part: "(f)ailure to submit a definition or explanatory instruction shall not be deemed a ground for reversal of the judgment unless a substantially correct definition or explanatory instruction has been requested in writing and tendered by the party complaining of the judgment." Rule 279, T.R.C.P.; see *Crutcher-Rolfs-Cummings, Inc. v. Ballard*, 540 S.W.2d 380 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n. r. e.) cert. denied, 433 U.S. 910, 97 S.Ct. 2978, 53 L.Ed.2d 1095 (1977); *First State Bank and Trust Company of Edinburg v. George*, 519 S.W.2d 198 (Tex.Civ. App.—Corpus Christi 1974, writ ref'd n. r. e.). The appellant's requested instruction as to right-of-way of a pedestrian in a crosswalk does not meet this "substantially correct" standard set out by Rule 279, T.R. C.P.

■ The purpose of this instruction is to inform the jury of the duties of motorists and pedestrians as set out in Tex.Rev.Civ. Stat.Ann. art. 6701d § 77(a) (1977):

"Sec. 77. (a) When traffic-control signals are not in place or not in operation the driver of a vehicle shall yield the right-of-way, slowing down or stopping if need be to so yield, to a pedestrian crossing the roadway within a crosswalk when the pedestrian is upon the half of the roadway upon which the vehicle is traveling, or when the pedestrian is approaching so closely from the opposite half of the roadway as to be in danger, but no pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield. This provision shall not apply under the conditions stated in Section 78(b)."

It is true that the requested instruction does embody the first part of § 77(a); however, it does not include the latter part of that section which prohibits a pedestrian from suddenly entering the roadway in such

a manner as to make it impossible for the driver to yield. See *Garcia v. Willmuth*, 531 S.W.2d 397 (Tex.Civ.App.—El Paso 1975, no writ); *Stalder v. Bowen*, 373 S.W.2d 824 (Tex.Civ.App.—Dallas 1963, writ ref'd n. r. e.). To submit an instruction that does not substantially embody the entire rule of law controlling pedestrians' right-of-way in crosswalks would be improper. The submission of the requested issue was properly denied due to its incorrect form.

■ The appellant also complains in his second point of error that the trial court refused to submit special issues on the appellee's failure to yield the right-of-way. In that regard, the appellants requested the following:

"Special Issue No. ____

Do you find from a preponderance of the evidence that Donald Walter Levingston failed to yield the right-of-way to Martina C. Velasquez?
Answer 'Yes' or 'No'.
We, the jury, answer: ____
If you answered the foregoing Special Issue No. ____ in the affirmative, and only in that event, then answer the following:

Special Issue No. ____

Do you find from a preponderance of the evidence that such failure to yield the right-of-way constituted negligence?
Answer 'Yes' or 'No'.
We, the jury, answer: ____"

In the foregoing requested issues, the appellant has again failed to comply with Rule 279 in that the issues as requested were materially incomplete. The issue of proximate cause was not included as part of the requested issues. Therefore, the trial court properly refused to submit the requested special issues. See *Garcia v. Caletka*, 486 S.W.2d 880 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n. r. e.). Appellant's second point is overruled.

■ In his third point the appellant complains that failure to submit the instructions referred to in his first and second points was error by the trial court based upon constitutional grounds. In that we have overruled those points as having no merit, we necessarily overrule appellant's third point.

Finally, in his fourth point, the appellant asserts that there is error in the jury's answer of "0" for the amount of money that would have fairly and reasonably compensated the deceased for her conscious physical pain and mental anguish suffered before her death. Appellant says that answer is against the overwhelming weight and preponderance of the evidence.

■ The comparative negligence statute, Tex.Rev.Civ.Stat.Ann. art. 2212a (Supp. 1980), provides in pertinent part as follows:

"Section 1. Contributory negligence shall not bar recovery in an action . . . if such negligence is not greater than the negligence of the person or party or persons or parties against whom recovery is sought . . . ."

The jury in the case before us found the deceased to be 75 percent negligent and Levingston to be 25 percent negligent. The negligence of Mrs. Velasquez was therefore greater than that of Levingston. Consequently, under the comparative negligence statute the appellant is barred from recovery. It follows that the error, if any, by the jury's answer of "0" was harmless under Rule 434, T.R.C.P. Appellant's last point is overruled.

The judgment of the trial court is affirmed.