Timothy McCAULEY, Appellant,

v.

CHARTER OAK FIRE INSURANCE
COMPANY, Appellee.

No. 12–82–0051–CV.

Court of Appeals of Texas,
Tyler.

Dec. 15, 1983.

Rehearing Denied Jan. 20, 1984.

John E. Trube, Tyler, for appellant.

Roger Anderson, Ramey, Flock, Hutchins, Jeffus, McClendon & Crawford, Tyler, for appellee.

Before SUMMERS, C.J., and McKAY and COLLEY, JJ.

McKAY, Justice.

Timothy McCauley brought suit against Charter Oak Fire Insurance Company on a worker's compensation claim. The case was submitted to the jury on special issues. After considerable deliberation, the jury announced to the court that they were unable to reach a verdict. The court then ordered the jury back into the courtroom. The judge questioned the foreman concerning how many jurors had voted for or against various special issues. The foreman questioned the judge concerning the instructions regarding the requirement that the same ten jurors must agree on all the issues. The statement of facts reflects the following:

THE FOREMAN: And if I may ask a point of order, or a question about the ruling,—

THE COURT: All right.

THE FOREMAN: —"all", the word "all" is in capital letters. Does this mean all questions have to be answered exactly the same by each dissenting or each consenting vote?

THE COURT: Well, it means that ten, the same ten persons must agree to every answer in the verdict. In other words, to each of them.

THE FOREMAN: Right.

THE COURT: It's not good enough to have ten on each issue, but you must have the same ten agreeing to all of the answers.

THE FOREMAN: This is exactly how we interpret it.

The judge then asked the foreman to return the blank verdict to the court. The court stated:

All right. Members of the jury, then in just a moment on your announcement to the Court, the Court would indicate that the Court has no alternative except on your announcement and indication that you are unable to reach a verdict by ten persons agreeing to all of the answers to the entire verdict in there, the Court not being able to resolve the conflicts as announced to the Court for the purpose of accepting a verdict in the cause, the Court would indicate that it would be necessary for the Court to declare a mistrial and discharge the jury in this case for [sic] further deliberation.

The judge thanked the jurors, told them they were now free to talk about the case, and gave them their checks.

While the jury remained together in the courtroom the judge questioned the foreman again about the votes on Special Issues 1, 2, and 3. The foreman reiterated his question about the requirement that the "same" ten people must vote the same on all the issues. The judge told him yes. At that time the judge asked the jury to return to the jury room and write the answers to the issues that had ten votes. Counsel for plaintiff McCauley objected. The jury later returned to the courtroom with its verdict.

The jury answered the special issues as follows:

### SPECIAL ISSUE NO. 1

Do you find from a preponderance of the evidence that Timothy McCauley received an injury on or about June 20, 1979?

Answer: We do.     10
        We do not.   2

If you have answered Special Issue No. 1 "We do," and only in that event, then answer:

### SPECIAL ISSUE NO. 2

Do you find from a preponderance of the evidence that Timothy McCauley received such injury in the course of his employment by Kelly Springfield Tire Company?

Answer: We do.     10
        We do not.   2

If you have answered Special Issue No. 2 "We do," and only in that event, then answer:

### SPECIAL ISSUE NO. 3

Do you find from a preponderance of the evidence that such injury was a producing cause of any total incapacity?

Answer: We do.     2
        We do not.   10

If you have answered Special Issue No. 3 "We do," and only in that event, then answer:

### SPECIAL ISSUE NO. 6

Do you find from a preponderance of the evidence that such injury was or will be a producing cause of any partial incapacity?

Answer: We do.     2
        We do not.   10

The same two jurors voted "we do not" on Special Issues 1 and 2. Two different jurors voted "we do" on Special Issue 3. The same two jurors that voted "we do" on Special Issue 3, voted "we do" on Special Issue 6.

The jurors did not sign the verdict which was not unanimous. Charter Oak moved for a judgment on the verdict, and McCauley moved for a mistrial. Upon receiving the jury's partial verdict the court rendered judgment in favor of defendant, Charter Oak Fire Insurance Company. Plaintiff McCauley appeals.

■■ McCauley raises three points of error. The first point of error contends that the trial court erred in receiving a verdict after discharging the deadlocked jury. McCauley argues that since the jury had been discharged and the verdict had

been returned to the court without any answers and accepted by the court, then the jury could not thereafter record its answers and return a verdict.

Charter Oak replies that the court had not discharged the jury prior to the formal completion of its verdict. Charter Oak contends, in the alternative, that even if the jury had been discharged before formally completing its verdict, the court is permitted to allow the jury to reduce its findings to writing.

Since the jurors were still assembled in the courtroom and were under the control of the court, it is our view that the jury had not been discharged. The trial judge is allowed considerable discretion in the matter of keeping a jury together until a verdict is reached. *Missouri, K & T Ry. Co. of Texas v. Barber,* 209 S.W. 394, 395 (Tex. Comm'n App.1919, holding approved).

In McCauley's second point of error complaint is made that the same ten jurors did not agree to all issues submitted and answered and that the concurring jurors did not sign the verdict as required by Tex.R. Civ.P. 292. McCauley asserts that the special issues were conditional on each other and without answering the first two special issues then the other two issues could not be answered.

Charter Oak replies that the material issues were answered by the same ten jurors so it was irrelevant that immaterial issues were not answered by the same ten jurors. Charter Oak argues that the absence of the signature of the ten jurors is trivial and harmless. Charter Oak contends that McCauley failed to secure findings upon all ultimate issues necessary to support a judgment.

Tex.R.Civ.P. 292 controls the rendition of a verdict by a portion of the original jury. Tex.R.Civ.P. 292 provides in pertinent part as follows:

A verdict may be rendered in any cause by the concurrence, as to each and all answers made, of the same ten members of an original jury of twelve or of the same five members of an original jury of six ... If less than the original twelve or six jurors render a verdict, the verdict must be signed by each juror concurring therein.

The rule requires that the same ten jurors answer all of the issues, and to allow otherwise would completely ignore the clear mandate of the rule. Charter Oak cites the case of *State Highway Department v. Pinner,* 531 S.W.2d 851, 857 (Tex. Civ.App.—Beaumont 1975, no writ), for the proposition that as long as the same ten jurors voted for enough issues in the charge from which a judgment can be written, no reversible error is presented. In our view *Pinner* case is not applicable to the fact situation here, but does declare "the rule clearly requires that the same ten jurors answer all the issues."

The rule prohibits the picking and choosing of which issues are required to have a vote of the same ten jurors and which issues are not. Our reading of the rule leads to the conclusion that the same ten jurors must concur on each and every answer made. Any other interpretation would cause confusion and inconsistent results. See *Jones v. Square Deal Cab Co.,* 506 S.W.2d 855, 856 (Tex.1974).

Issues 3 and 6 could not have been answered by the jury unless Issues 1 and 2 were first answered. The issues were conditional issues. The same ten jurors answered Issues 1 and 2 in favor of McCauley, but a different ten jurors answered Issues 3 and 6 in favor of Charter Oak. Issues 1 and 2 were material issues that had to be answered before the jury could even reach Issues 3 and 6.

Charter Oak cites *Anheuser-Busch, Inc. v. Smith,* 539 S.W.2d 234, 237 (Tex.Civ.App.— Houston [1st Dist.] 1976, no writ), and *Stalder v. Bowen,* 373 S.W.2d 824, 827 (Tex. Civ.App.—Dallas 1963, writ ref'd n.r.e.), in support of the argument that only material issues need to be answered for a verdict to be received and a judgment entered thereon. We hold that Issues 1 and 2 were material issues. The issues were conditional and Issues 3 and 6 could be answered only in the event that Issues 1 and 2 were answered.

*Stalder v. Bowen, supra,* was decided before the 1973 amendment to Rule 292 was effective, and the court in the *Anheuser-Busch* case was not concerned with Rule 292 or answers by different groups of ten jurors as we have here. It should also be noted that Rule 292 uses the language, "If less than the original twelve or six jurors render

a verdict, the verdict *must* be signed by each juror concurring therein." (Emphasis added.) We interpret that language to mean that it is mandatory that each juror sign the verdict when less than twelve render a verdict. The American Heritage Dictionary (Houghton Mifflin Co. 1978) defined "must" as "1. Compulsion or obligation," and "2. Requirement or prerequisite ...."

■ We hold that Rule 292 is mandatory, and that the same ten jurors must answer each and all of the issues upon which the court bases its judgment, and thus the rule applies to preliminary issues upon which later issues are based if a certain answer is required in the preliminary issues before the jury is permitted to answer following issues.

We hold that it was error for the trial judge to receive the verdict in this case and base a judgment upon the issues not answered by a concurrence of the same ten jurors.

Judgment of the trial court is reversed and the cause is remanded for a new trial.