MARIE ANCHOR V. P. A. MARTIN, DISTRICT JUDGE, ET AL.

No. 4296.    Decided March 30, 1927.

(292 S. W., 877).

**Verdict on Special Issues—Judgment—New Trial—Mandamus.**

The findings of the jury on special issues submitted supported a judgment for plaintiff, who moved that same be rendered. Defendant having moved to set aside the verdict, the motion was granted on the ground that it was contrary to the evidence and unsupported by the preponderance thereof; plaintiff's motion to enter judgment was overruled, and a mistrial declared. On plaintiff's application to the Supreme Court for mandamus to require the trial judge to enter judgment in her favor on the verdict, it is *held:*

(1)    That the court could set aside the verdict on defendant's motion without first entering the judgment required thereby.

(2)    Such action of the trial court, being an exercise of judicial discretion, could *not be reviewed* by the Supreme Court on application for mandamus.    (P. 411).

Original application by Marie Anchor to the Supreme Court for writ of mandamus to require Martin, as District Judge, to render judgment in her favor on a verdict on special issues, joining the defendants in the trial court as co-respondents.

The court, having granted relator leave to file the petition, referred same to the Commission of Appeals, Section A, for its opinion thereon, and, adopting same, refuses the writ as thereby recommended.

*Bonner, Bonner & Fryer,* for relator, cited:    Arts. 2203, 2205, 2209, Statutes of 1925; 3 Black. Com., 110; Gulf, C. & S. F. R. Co. v. Canty, 115 Texas, 537, 285 S. W., 296; Lloyd v. Brinck, 35 Texas, 1; Aycock v. Clark, 94 Texas, 375, 60 S. W., 665; Texas Tram & Lbr. Co. v. Hightower, 100 Texas, 126, 96 S. W., 1071, 6 L. R. A., 1046, 123 Am. St. Rep., 794; Yett v. Cook, 115 Texas, 173, 266 S. W., 715; Railway Co. v. Muse, 109 Texas, 352,

4 A. L. R., 613; 18 R. C. L., Sec. 240; 26 Cyc, p. 216 et seq.; 26 Cyc, 186-188; Merrill on Mandamus, par. 218; Bailey on Habeas Corpus-Mandamus, pp. 887-888; Ferris, Ext. Leg. Rem. (1926), 339 *et seq.*

*Weeks, Morrow, Francis & Hankerson,* and *Jos. H. Aynesworth,* for respondents, cited: Acts of 1879, Art. 1333; Arberry v. Bevers, 6 Texas, 464; Adkins v. Ware, 35 Texas, 583; Bump on Frad. Con., Sec. 285; Blanchett v. Davis, 10 Texas, 158; Casey-Swasey v. Manchester, 73 S. W., 865; Clark v. Pearce, 80 Texas, 146; Cortimeglia v. Herron, 281 S. W., 305; Carwile v. Cameron, 102 Texas, 171; Cobb v. Works, 125 S. W., 350; 29 Cyc., 727; Corpus Juris, 27, p. 479; First Natl. Bank v. Chapman, 255 S. W., 807; Fowler v. Morrill, 8 Texas, 157; Grand Fraternity v. Melton, 102 Texas, 399; Gulf, C. & S. F. v. Canty, 115 Texas, 537; Gulf, C. & S. F. v. Muse, 109 Texas, 352; Gonzales v. Adoue, 94 Texas, 124; Hart v. Wilson, 288 S. W., 133; Hume v. Schintz, 90 Texas, 72; Hale Co. v. Lubbock Co., 194 S. W., 632; Lloyd v. Brinck, 35 Texas, 1; Massie v. Hutcheson, 270 S. W., 544; M. K. & T. v. Price, 288 S. W., 415; Maddox v. Summerlin, 92 Texas, 486; M. K. & T. v. Thomason, 280 S. W., 325; Oakes v. West, 64 S. W., 1034; Paschal's Digest, Secs. 1465, 1470-73, (Arts. 2232, 2233, R. S. 1925); Railway Co. v. Strycharski, 92 Texas, 1; Railway Co. v. McArthur, 96 Texas, 65; R. S., 1925, Arts. 3996, 3997; R. S., 1895, Art. 1333; R. S., 1911, Art. 1990; R. S., 1925, Art. 2209; Smith v. Hessey, 134 S. W., 256; Scott v. Bank, 66 S. W., 485; Weatherley v. St. L. S. W. Ry. Co., 288 S. W., 524; Wright v. Swayne, 104 Texas, 444; Wright v. Salinas, 11 Texas, 287; Walker v. Loring, 89 Texas, 668; Westerman v. Mimms, 11 Texas, 39; Yett v. Cook, 115 Texas, 185.

MR. JUDGE BISHOP delivered the opinion of the Commission of Appeals, Section A.

On trial before a jury in the case of Marie Anchor, plaintiff, against Lila Anchor, W. H. Anchor and Farmers State Bank of Burkburnett, in the Eighty-ninth District Court of Wichita County, the material issues made by the pleadings were submitted on special issues. The jury rendered verdict finding for the plaintiff on all fact issues submitted. She filed motion with form of judgment attached, asking that judgment be entered in her favor on the verdict. Defendants filed motion to set aside the verdict for the reason (a) that some of the material issues submitted to the jury were without evidence to support them,

and (b), because the verdict was contrary to the preponderance of the evidence.

These motions were disposed of by the court by orders as follows:

"On this the 27th day of September, A. D. 1926, came on to be heard the motions filed by the Farmers State Bank of Burkburnett and Lila C. Anchor to set aside the verdict of the jury, on the ground that same is unsupported by the evidence and contrary to the great and overwhelming preponderance of the evidence; and same being considered by the court, and it appearing to the court that said verdict is contrary to the evidence and is unsupported by the great and overwhelming preponderance of the evidence;

"It is, therefore, ordered, adjudged and decreed by the court that said verdict be set aside and held for naught and a mistrial be declared."

"October 2, 1926. On motion of defendants, the verdict of the jury has been set aside by the court, and this judgment is therefore refused; to which action of the court the plaintiff excepts."

Marie Anchor, alleging the facts above stated, is here seeking by writ of mandamus to require P. A. Martin, judge of said court, to enter judgment in her favor on the verdict rendered by the jury.

Our statutes provide that the court shall render judgment on a special verdict unless same "is set aside or a new trial is granted" (Art. 2209, Rev. Civ. Stats., 1925), and that, "a claim that the testimony was insufficient to warrant the submission of an issue may be complained of for the first time after verdict" (Art. 2190, Rev. Civ. Stats., 1925). We can see no reason for requiring the court to first render judgment before entertaining a motion to set the verdict aside. Our statutes do not require that this be done, and we are of opinion that the Supreme Court would not be warranted in making such requirement. The motion to set aside the verdict presented questions for consideration which required the exercise of judicial discretion, and, resort to the writ of mandamus cannot be had to direct the action of an inferior court in matters involving judicial discretion. See Cortimeglia v. Davis, not yet officially reported (116 Texas, 412, 292 S. W., 875).

We recommend that writ of mandamus be denied.

The opinion of the Commission of Appeals is adopted, and the writ of mandamus refused.

                              *C. M. Cureton,* Chief Justice.