**ANGELINA CASUALTY COMPANY,**
Relator,

v.

**Joe J. FISHER et al., Respondents.**

No. 6187.

Court of Civil Appeals of Texas.

Beaumont.

Dec. 11, 1958.

Rehearing Denied Dec. 31, 1958.

Collins, Garrison, Renfrow & Zeleskey, Lufkin, for relator.

Glenn Faver, Jasper, for respondent.

HIGHTOWER, Justice.

This is an original mandamus proceeding by relator, Angelina Casualty Company, seeking to compel respondent, Honorable Joe J. Fisher, Judge of the District Court of Sabine County, Texas, to enter judgment on a jury verdict in relator's favor. Johnnie B. Johnson is also named as respondent in the petition, as is his attorney of record.

Johnson sued relator, which was the Workmen's Compensation insurer for Temple Lumber Company, to recover benefits for total and permanent incapacity as the result of an injury alleged to have been sustained by the said Johnson while working in the course and scope of his employment for said lumber company. Trial was to a jury which returned its verdict May 29, 1957, denying Johnson any recovery. This verdict does not appear in conflict by reason of any of the jury's answers therein contained and the court thereafter accordingly entered judgment in relator's favor. In due time Johnson's original motion for new trial came on to be heard by the court, said motion, formal parts omitted, reading as follows:

"I. Because the findings of the jury in response to the issues submitted is without support in the record and the same represents a gross wrong and injustice, and is wholly contrary to the evidence elicited in the trial of the case.

"II. Because the verdict and the findings of the jury were obviously prompted by malice and prejudice, and not in keeping with the evidence offered.

"III. Because the verdict of the jury when considered in the light of the entire charge, results in certain irreconcilable conflict as to render such findings to no avail."

At the conclusion of the hearing on the foregoing motion Judge Fisher stated that he felt the judgment previously entered to be "a miscarriage of justice." He thereafter entered the court's order setting aside said judgment and granting Johnson a new trial. This order for new trial does not state the reasons why it was granted, it does contain the recitation to the effect that it was granted on the court's own motion as well as Johnson's.

Relator's motion to set aside the court's order for new trial having been refused they now petition this court to issue its. writ of mandamus directing Judge Fisher to set aside the order for new trial and enter judgment on the verdict of the jury in relator's favor. They say, "That such action by respondent Fisher is void in law and is arbitrary action constituting a clear and gross abuse of judicial power or discretion." They contend that inasmuch as the jury's answers were not in conflict and were fully supported by the evidence in the case that it became Judge Fisher's ministerial duty to enter judgment on the verdict. In support of their contention that the verdict was fully supported by the evidence in the case they have filed a rather voluminous statement of facts of the case, and they forcefully contend that this court should look to such statement of facts as we would in the appeal of a case, in support of their contentions that the evidence therein supports the issues as found.

We cannot agree with relator's contentions. It is the established law of Texas that during the period prior to the time a judgment becomes final the court has power over it and may, upon its own motion or motion of a party, vacate, modify, correct or reform the same, or grant a new trial. It is likewise well established that no appeal lies from the court's order granting a new trial. Mandamus does in some instances, however, gain the same result of an appeal insofar as it is issued to set aside a trial court's order granting a new trial. One common occasion being where a trial court grants a new trial on the theory that the answers to special issues are in irreconcilable conflict so as not to support a verdict. Should the trial court be mistaken in his construction of such issues, mandamus will then issue to compel entry of judgment. 7 Tex.Jur.Supp. (1958), pg. 232, Sec. 3; Gulf, C. & S. R. Co. v. Canty, 115 Tex. 537, 285 S.W. 296. Likewise, of course, the writ issues where the trial court had no jurisdiction, or control of the judgment, at the time the new trial was granted. Needless to say none of these circumstances exist here.

Relator does not question that Judge Fisher had jurisdiction of the case at the time he set aside the judgment and ordered a new trial. The motion for new trial, although very generally stated, was sufficient to invoke this jurisdiction at Judge Fisher's discretion. However this may be, he yet had the inherent power to order a new trial on his own motion just so long as his jurisdiction existed.

It has long been established that appellate courts will not review by mandamus the action of a trial court granting a new trial in the circumstances of this case. Whether or not there was good cause for granting the motion was a matter of discretion and judgment of the trial court and that discretion and judgment we cannot control nor direct by mandamus. Missouri-Kansas-Texas Railway Co. of Texas v. Brewster, Tex.Com.App.1934, 124 Tex.

244, 78 S.W.2d 575; Anchor v. Martin, Tex.Com.App.1927, 116 Tex. 409, 292 S.W. 877; Hunsinger v. Boyd, 1930, 119 Tex. 182, 26 S.W.2d 905; Wright v. Swayne, 1911, 104 Tex. 440, 140 S.W. 221; Cheswick v. Moorhead, Tex.Civ.App.1919, 224 S.W.2d 898; Union City Transfer v. Kenna, Tex.Civ.App.Beaumont, 210 S.W.2d 431.

Relator cites O'Meara v. Moore, 142 Tex. 350, 178 S.W.2d 510 (mandamus denied) as authority for the proposition that we should consider the evidence adduced on the trial of the merits in determining the propriety of Judge Fisher's action. That opinion does contain a brief statement relative to some of the evidence of the case contained in the petition of the relator therein. Suffice it to say, however, that it evidences no intention to alter the rule adhered to by the many eminent authorities above set forth as supporting our present conclusions.

Mandamus denied.