J. E. JOHNSON ET AL V. COURT OF CIVIL APPEALS FOR THE
SEVENTH JUDICIAL DISTRICT OF TEXAS, ET AL

No. A-8256.  Decided October 3, 1961
Rehearing overruled Nov. 8, 1961
(350 S.W. 2d Series 330)

*Lumpkin, Watson, Dunlop & Smith, Wayne Bagley*, Amarillo,
for Relators.

*Monning and Monning*, Amarillo, for Respondents.

MR. JUSTICE HAMILTON delivered the opinion of the Court.

ORIGINAL MANDAMUS

This is an original mandamus proceeding by relators, J. E. Johnson, County Judge of Armstrong County, Texas,, and The State of Texas, seeking to compel the respondent, The Court of Civil Appeals for the Seventh Supreme Judicial District of Texas, at Amarillo, to rescind its order granting a writ of mandamus against relator Johnson, directing him to set aside his order granting a new trial in Cause No. 826 in the County Court of Armstrong County, and to enter judgment in said cause in accordance with the jury verdict in favor of the condemnees in said cause. Other respondents named are James G. Denton, Chief Justice of the Court of Civil Appeals of the Seventh Supreme Judicial District of Texas, the Honorable Alton B. Chapman and the Honorable E. O. Northcutt, its Associate Justices, Elmo Payne, its Clerk; and Anna I. Hibbetts, Frank J. Hibbetts, George H. Moore and his wife, Mary Shaughnessy Moore, Frank Allen Keith and his wife, Frances Shaughnessy Keith, Ann Shaughnessy Kelly and James Cope.

■ This matter involves a condemnation suit in Armstrong County. After the jury had rendered its verdict on special issues in the County Court trial, Armstrong County and the State of Texas, the condemnors and relators here, made a motion for new trial, setting out six grounds of error. During term time the trial court, after hearing the motion, granted the new trial without stating any reason for granting same. Thereafter, on or about October 26, 1960, the condemnee respondents filed application for writ of mandamus in the Court of Civil Appeals for the Seventh Supreme Judicial District of Texas, which was granted, and the writ of mandamus was ordered to be issued in its opinion of January 3, 1961, and reported in 342 S.W. 2d at page 642.

This court has jurisdiction to entertain the application for writ of mandamus under Art. 1733, V.A.T.S., which reads in part as follows:

"The Supreme Court * * * shall have power to issue writs of * * * mandamus agreeable to the principles of law regulating such writs, against any district judge or Court of Civil Appeals or judges thereof * * *."

We hold that the Court of Civil Appeals did not have authority to order the writ of mandamus to issue.

■ It is the general rule, well established, that an appellate court will not review by mandamus an action of the trial court granting a new trial while it still has jurisdiction of the cause. The discretion and judgment of the trial court in granting a new trial cannot be controlled or directed by mandamus. Angelina Casualty Co. v. Fisher, 319 S.W. 2d 387, Tex. Civ. App.; Anchor v. Martin, Tex. Comm. App., 1927, 116 Tex. 409, 292 S.W. 877; Trevino v. Doughty, 311 S.W. 2d 276, San Antonio Court of Civil Appeals, and many other authorities not necessary to list herein.

■ There are only two instances where any appellate court of this state has ever directed the trial judge to set aside its order granting motion for new trial. These instances are:

(1)   When the trial court's order was wholly void as where it was not entered in the term in which the trial was had; and

(2)   Where the trial court has granted a new trial specifying in the written order the sole ground that the jury's answers to special issues were conflicting.

Neither of the two situations exists here. The motion for new trial was granted during termtime, and the trial court did not specify on what grounds he was granting the motion for new trial.

■ ■ ■ The Court of Civil Appeals in granting the writ of mandamus stated in its opinion that the action of the trial court in granting the new trial was an abuse of its discretion and a violation of its clear duty under the law and that there was no adequate remedy of appeal. In support of its opinion that mandamus would lie in such a situation the court cites Stakes et al. v. Rogers, 139 Tex. 650, 165 S.W. 2d 81; City of Houston v. Adams, 279 S.W. 2d 308. Both cases were decisions by the Supreme Court and involved matters other than motions for new trial. While under the broad language of Article 1733, V.A.T.S., this court does have the power to correct abuses of discretion in certain lower courts where there is no adequate remedy by appeal, Courts of Civil Appeals have no such power. Crane v. Tunks, 160 Tex. 182, 328 S.W. 2d 434. The authority of the

Court of Civil Appeals to issue writs of mandamus is limited to that given in Articles 1823 and 1824, V.A.T.S. They may only issue writs necessary to enforce their jurisdiction or to compel a district or county court to proceed to trial and judgment in a cause. Rule 300, T.R.C.P., provides that where a special verdict is rendered the court shall render judgment thereon unless set aside or a new trial is granted or judgment is rendered notwithstanding the verdict or jury findings under the rules. Since the motion for new trial was granted by the trial court it was not required by the rules to render judgment in the cause, and the Court of Civil Appeals is without authority to so order.

The record in this case shows that the writ of mandamus has not been issued by the Clerk of the Court of Civil Appeals for the Seventh Supreme Judicial District. Assuming that the Court of Civil Appeals will set aside its order directing mandamus to issue, we withhold issuing a writ of mandamus until further order of this court.