**250**

Archer PARR, Individually and as the
County Judge of Duval County,
Texas, Relator,

v.

O. P. CARRILLO, Individually and as the
District Judge of the 229th District of
the State of Texas, et al., Respondents.

No. 15484.

Court of Civil Appeals of Texas,
San Antonio.

July 21, 1975.

Marvin F. Foster, Jr., Archer Parr, San
Diego, for relator.

Arthur Mitchell, Jan Woodward Fox,
Austin, for respondents.

PER CURIAM.

This is an original proceeding wherein
relator, Hon. Archer Parr, seeks a writ of
mandamus against Hon. O. P. Carrillo,
Judge of the 229th District Court, and cer-
tain other public officials to secure certain
relief in original Cause No. 8890, styled
"The State of Texas on the Relation of *Jose
R. Nichols v. Archer Parr.*" Leave to file
was granted on June 27, 1975, and the cause
set for submission and oral argument on
July 16, 1975.

Relator urged in his petition for manda-
mus that on or about April 30, 1975, this
Court, in conditionally granting a writ of
mandamus in our Cause No. 15499, ordered
Judge Carrillo to proceed to try said cause
on or before May 19, 1975. It was urged
that despite our order, Judge Carrillo had
passed the cause three times and had
changed the venue three times and was
threatening to delay said cause by yet an-
other change of venue. We have now been
advised that final judgment was entered in
Cause No. 8890, and we must consider, at
the outset, respondents' motion to dismiss
the petition for mandamus for want of ju-
risdiction.

Our jurisdiction to issue writs of
mandamus is limited to that given in Arti-
cles 1823 and 1824, Tex.Rev.Civ.Stat.Ann.
(1964).[1] Under these statutes, the Courts of

1. Article 1823. "Said Courts and the judges
thereof may issue writs of mandamus and

all other writs necessary to enforce the ju-
risdiction of said courts."

Civil Appeals may mandamus only in protection of its own jurisdiction or to compel a trial judge to proceed to trial and to judgment in a cause. *Johnson v. Court of Civil Appeals*, 162 Tex. 613, 350 S.W.2d 330 (1961); *Crane v. Tunks*, 160 Tex. 182, 328 S.W.2d 434 (1959); *Uvalde Rock Asphalt Company v. Loughridge*, 423 S.W.2d 602 (Tex.Civ.App.—San Antonio 1968, no writ); Norvell, Original Jurisdiction of the Courts of Civil Appeals to Issue Extraordinary Writs, 8 Sw.L.J. 389, 393 (1954); Green, Notes, 38 Texas L.Rev. 638, 641 (1960).

We obviously have no jurisdiction under Article 1824 inasmuch as a final judgment has now been entered in Cause No. 8890. Nor do we have jurisdiction under Article 1823. There is no allegation or showing that our appellate jurisdiction is threatened in any manner by the actions or threatened actions of Judge Carrillo or any of the other respondents.

Relator urges that our Court has power in an original proceeding to vacate or expunge void orders or to correct a gross miscarriage of justice. In this connection, respondent urges that the order of the trial court suspending or temporarily removing him from office is void for several reasons: (a) the trial court had no jurisdiction because of the failure to follow the statutory requirements in issuance of the citation to relator and further the bond of the appointed successor is defective; (b) the trial court lost jurisdiction when relator resigned as county judge after the removal petition was filed; and (c) the trial court was without authority to grant an instructed verdict of removal. We express no opinion regarding the validity of these contentions or of the numerous errors allegedly committed by Judge Carrillo during the trial.

We have been cited no case and have found none on our own research which grants the Courts of Civil Appeals jurisdiction to consider such matters. Such jurisdiction was specifically rejected in *Johnson v. Court of Civil Appeals, supra*, wherein the Supreme Court said: "The authority of the Court of Civil Appeals to issue writs of mandamus is limited to that given in Articles 1823 and 1824, V.A.T.S. They may only issue writs necessary to enforce their jurisdiction or to compel a district or county court to proceed to trial and judgment in a cause." It is true that under the power vested in the Supreme Court, the writ of mandamus may be used to require the vacating or expunging of a void, as distinguished from an erroneous, order of the lower court. See Norvell and Sutton, The Original Writ of Mandamus in the Supreme Court of Texas, 2 St. Mary's L.J. 177 *et seq.* (1969); *Dikeman v. Snell*, 490 S.W.2d 183 (Tex.1973).

The complaints urged by relator are the proper subjects of an appeal from a final judgment and all can be considered on an appeal. We recognize the hardship to relator by the harsh remedy of removal and thus the need for prompt disposition of the cause. This Court is committed to the proposition of exercising its full jurisdiction to a speedy disposition of this cause on the merits. The rules and statutes authorize expediting an appeal. However, until the appeal is perfected from the final judgment, we have no jurisdiction over same.

Subsequent to filing his petition for mandamus, respondent has tendered and requested leave to file a petition wherein he seeks to prohibit Judge Carrillo from entering or enforcing a final judgment in Cause No. 8890. Relator points out numerous errors allegedly committed by Judge Carrillo in the trial of this case. These matters are properly reviewable by appeal and we have no jurisdiction to consider same by original proceeding. We therefore decline to grant leave to file same.

The petition for mandamus is dismissed for want of jurisdiction.

Article 1824. "Said Courts or any Judge thereof, in vacation, may issue the writ of Mandamus to compel a Judge of the District or County Court to proceed to trial and judgment in a cause, returnable as the nature of the case may require."