ANHEUSER–BUSCH, INC., Relator,

v.

The Honorable Jack SMITH, Judge of the 189th District Court, Harris County, Texas, et al., Respondents.

No. 16751.

Court of Civil Appeals of Texas, Houston (1st Dist.).

July 29, 1976.

Vinson, Elkins, Searls, Connally & Smith, Gerald P. Coley, Houston, for appellant.

Victor F. Branch, Houston, for respondent James Slusser.

COLEMAN, Chief Justice.

This is an original action for mandamus in which relator seeks to have the District Court set aside an order granting a mistrial in a suit for damages tried to a jury, and to require the court to enter a judgment on the incomplete verdict returned by the jury. The writ of mandamus is granted.

During the course of their deliberations the jury in Cause No. 906,232, entitled *James Slusser v. Anheuser-Busch, Inc., et al.,* made known to the court that it had answered all issues submitted with the exception of the issue on damages, and that it was hopelessly deadlocked on that issue. The trial court then had the jury brought into the courtroom and inquired of the foreperson whether or not they had been able to reach a verdict. The foreperson replied that they had not been able to reach a verdict on one issue. The court then stated that he understood that "it is one issue, but you haven't been able to reach a verdict . . ." He then stated that the plaintiff's motion for a mistrial would be granted. The attorney for relator, defendant, in the trial court, then urged that the jury be polled and that the court accept the partial verdict. The attorney for the respondent, plaintiff in the trial court, stated to the court that since the court had granted the motion for mistrial any further proceeding would be moot. The court stated that he would entertain the relator's motion. In response to the motion the court then instructed the bailiff to return the jury to the jury room and instructed the jury that each

juror who had voted for the answer shown on each special issue to sign that special issue. He further instructed them not to sign the issue on which no agreement had been reached. The jury retired, followed the instructions of the court, and returned to the court room and delivered the charge to the court with signatures on the back of each special issue which had been answered. The court thereupon polled the jury and verified the fact that all issues had been answered as indicated in the answer blank on the issue with the exception of Special Issue No. 11 which was not answered. The plaintiff, Slusser, again made a motion for mistrial, and relator moved for a judgment on the verdict. The court then stated that he would deny the motion to accept the verdict and grant the motion for a mistrial.

The court entered a written order denying the motion for judgment "for the reason that the court could not enter judgment on the partial or incomplete verdict of the jury," and ordering a mistrial "by reason of the failure of the jury to return a complete verdict." It must be noted that during the colloquy between the court and the attorneys prior to the entry of the written order, the court stated: "I believe the law is that if they can't reach a total verdict that I have to grant a mistrial . . ."

The courts of civil appeals "may issue the writ of Mandamus to compel a Judge of the District or County Court to proceed to trial and judgment in a case . . ." Article 1824, V.A.C.S.

■ It is not error for a trial court to receive and order filed a partial verdict which will sustain a judgment. In order to support the entry of a judgment based upon a partial verdict the answers made by the jury must be of such a nature that the winning party was entitled to judgment no matter what the jury may have said in response to the unanswered issues. *Blanton v. E. & L. Transport Co.,* 146 Tex. 377, 207 S.W.2d 368 (1948); *Stalder v. Bowen,* 373 S.W.2d 824 (Tex.Civ.App.—Dallas 1963, writ ref'd n. r. e.). There is a division of authority as to whether a court of civil appeals by mandamus can require a trial

court to receive such a verdict and render judgment thereon.

In *Stalder v. Bowen,* supra, the court stated:

". . . While Rule 290, T.R.C.P., refers to 'the whole or all the issues submitted', it is now well established that the trial court has not only the right, but the duty to receive a partial verdict which will sustain a judgment. In order to support the entry of a judgment based upon a partial verdict the answers made by the jury must be of such a nature that the winning party was entitled to judgment no matter what the jury may have said in response to the unanswered issues . . ."

In *Security State Bank & Trust v. Craighead,* 440 S.W.2d 701 (Tex.Civ.App.—San Antonio 1969, writ ref'd n. r. e.), the court cited *Stalder v. Bowen,* supra, as authority for the rule that the trial court "not only has the right but the duty to receive a partial verdict which will sustain a judgment." The court of civil appeals affirmed a judgment entered by the trial court on a verdict, which was incomplete, in that the jury was unable to agree upon answers to two damage issues submitted to them in *Templeton v. Rogers,* 450 S.W.2d 900 (Tex. Civ.App.—Beaumont 1970, writ dism'd). In reaching its conclusion the court stated:

"The rule is clear that a trial court not only has the right, but the duty to accept a partial verdict which will sustain a judgment."

■ The rule that an appellate court will not review by mandamus an action of the trial court granting a new trial while it still has jurisdiction of the cause was reaffirmed by the Supreme Court of Texas in *Johnson v. Court of Civil Appeals,* 162 Tex. 613, 350 S.W.2d 330 (1961). The court noted, however, that appellate courts have directed trial judges to set aside orders granting motions for new trial where (1) the trial court's order was wholly void; and (2) where the trial court has granted a new trial specifying in the written order the sole ground that the jury's answers to special issues were conflicting. The court noted

that in the instant case the trial court did not specify on what grounds he was granting the motion for new trial. The court also noticed Rule 300, Texas Rules of Civil Procedure, which provides that where a special verdict is rendered the court shall render judgment thereon unless set aside or a new trial is granted or judgment is rendered notwithstanding the verdict or jury findings under the rules. The court then held:

> "Since the motion for new trial was granted by the trial court it was not required by the rules to render judgment in the cause, and the Court of Civil Appeals is without authority to so order."

■ In *L. B. Foster Steel Co. v. Hon. Ben Moorhead,* 382 S.W.2d 280 (Tex.Civ.App.—Houston 1964), an original proceeding seeking mandamus to require a district judge to enter judgment on a jury verdict, this court noted that it would have been proper for the court to have entered judgment on the verdict which the court received and ordered filed despite the fact that the damage issues were not answered. The court stated that the damage issues became immaterial because of the jury's answers to the other issues submitted. The court noticed that the motion for mistrial contained several grounds and stated:

> "In such order the court does not state upon what ground the mistrial was decreed. It is clear that the court in considering the matter exercised judicial discretion and based his judgment upon one or more of the grounds set out in the motion for mistrial . . .
>
> "In the case at bar the motion for mistrial was granted during termtime and the order did not specify the grounds. As applicable to this case, we adopt the following language of the Beaumont Court of Civil Appeals in *Meyer v. State,* 372 S.W.2d 764: 'We see no legal distinction in the application of the rule of the *Johnson* case, supra, between a mistrial and a new trial . . .' "

This court then held that it lacked authority to order the issuance of the writ of mandamus prayed for by relators. We consider that this case applied the rule that the court of civil appeals cannot control the trial court in the exercise of its discretionary powers.

This court again refused to order a trial judge to enter a judgment on a jury verdict in *Jones v. Smith,* 470 S.W.2d 305 (Tex.Civ. App.—Houston [1st Dist.] 1971). The cause was tried to a jury and a verdict was reached on all issues submitted. The trial judge on his own motion entered an order declaring a mistrial, reciting no ground therefor. This court determined that the effect of the trial court's order was to set aside the jury verdict as authorized by Rule 300, T.R.C.P., and, therefore, the trial court was not required to render judgment.

■ Rule 290, T.R.C.P., defines a verdict as the written declaration by a jury of its decision, "comprehending the whole or all the issues submitted to the jury." Rule 291, T.R.C.P., provides that no special form of verdict is required, and the judgment shall not be arrested or reversed for mere want of form therein if there has been substantial compliance with the requirements of the law in rendering the verdict. Rule 292, T.R.C.P., provides that a verdict may be rendered in any cause by the concurrence "as to each and all answers made" of the same ten members of the original jury of twelve, and that if less than the original twelve render a verdict, the verdict must be signed by each juror concurring therein. The wording of Rule 292, supra, does not require that an answer be made to all issues submitted before a "verdict" can be returned into court. While Rule 290, supra, by its terms makes such a requirement, it has been construed by the courts to require that only material issues be answered. *Stalder v. Bowen,* supra.

In the instant case the jury returned into court a legally sufficient verdict; it was signed in substantial compliance with the rules of procedure. The answers made by the jury to the issues submitted required a judgment for the defendant no matter what answer might have been made to the issues on damages. The trial court, however, refused to officially receive the ver-

dict and order it filed because it was incomplete.

The trial court exercises judicial discretion in examining the verdict of a jury to determine whether or not it is in proper form and whether the answers made are responsive to the issues. Here the trial court found that the verdict was not properly signed and directed the jury to return to the jury room and sign the verdict. Once he has examined the verdict and found it in proper order the action of the trial judge in accepting the verdict and ordering it filed is ministerial. Mandamus will lie to require the trial judge to accept and file a verdict for the same reason that it will issue to require the trial judge to enter a judgment upon the verdict where, as a matter of law, only one judgment can be entered.

In *Womack v. Berry,* 156 Tex. 44, 291 S.W.2d 677 (1956), the court held that the rule denying mandamus with respect to matters of a discretionary character is not without limitation, and the writ may issue in a proper case to correct a clear abuse of discretion. In discussing Rule 174(b), T.R.C.P., authorizing the trial court to order a separate trial of claims or separate issues, stated that the use of the permissive word "may" imports the exercise of discretions in such matters. The court then stated:

".  .  . When all of the facts and circumstances of the case unquestionably require a separate trial to prevent manifest injustice, and there is no fact or circumstance supporting or tending to support a contrary conclusion, and the legal rights of the parties will not be prejudiced thereby, there is no room for the exercise of discretion. The rule then is peremptory in operation and imposes upon the court a duty to order a separate trial. While the refusal to grant a separate trial under such circumstances is usually termed a clear abuse of discretion, it is nevertheless a violation of a plain legal duty  .  .  ."

In *Johnson v. Court of Civil Appeals,* supra, the court stated that the Supreme Court had the power to correct abuses of discretion in certain lower courts where there is no adequate remedy by appeal. The courts of civil appeals have no such power. The court further stated that the courts of civil appeals may only issue writs necessary to enforce their jurisdiction or to compel a district or county court to proceed to trial and judgment in a cause.

Rule 300, T.R.C.P., states that where a special verdict is "rendered" the court "shall" render judgment thereon unless set aside or a new trial is granted or judgment is rendered notwithstanding the verdict or jury finding. This court is authorized to issue the writ of mandamus to compel a district court to proceed to trial and judgment in a cause. *Johnson v. Court of Civil Appeals,* supra. Necessarily this court has the authority to order the trial court to accept and order filed a proper verdict after it has been returned by the jury to the court.

It appears to this court that in exercising the power granted to the courts of civil appeals by Article 1824, Texas Revised Civil Statutes, to require a trial court to proceed to trial and judgment in a cause, the court exercises much the same authority as does the Supreme Court when exercising jurisdiction under Article 1733, T.R.C.S.

In this case the trial court did not intend to set aside the verdict of the jury and order a new trial. This is clear from the order entered and the pleading filed in this court by the trial judge. Judge Smith's response to the petition for mandamus stated that based upon the cases submitted to him by counsel he determined that it was his duty to grant a mistrial. He further stated that he felt the law requiring such action did not make "good sense" where under the jury's response to the liability issues the plaintiff could not make a recovery regardless of what figure was found in answer to the damage issues.

It is our opinion that the trial court should set aside his order of mistrial, order the verdict of the jury filed, and enter the judgment required by the facts as found by the jury. Both before and after entry of

239

judgment the trial court would be authorized to receive and hear the motions to set aside the jury verdict, motions for new trial, and such other motions as may be authorized by the Rules of Civil Procedure. *Gulf, C. & S. F. Ry. Co. v. Canty,* 115 Tex. 537, 285 S.W. 296 (1926).

We are certain that the trial judge will proceed in accordance with the law as we have set it out herein without a writ of mandamus. But in the event he should fail to so proceed the clerk will issue the necessary writ requiring this action.