The KROGER CO., Relator,

v.

The Honorable Lynn N. HUGHES, District Judge, and Margaret Walker, Respondents.

No. 17932.

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 19, 1981.

Bracewell & Patterson, Andrew F. Spalding, Houston, for appellant.

W. Allen Lee, III, Houston, for appellees.

Before EVANS, WARREN and DOYLE, JJ.

EVANS, Justice.

This is an original proceeding for writ of mandamus. The relator, defendant in a suit pending in the 165th Judicial District Court, seeks an order requiring the trial judge to enter judgment in its favor based upon a partial jury verdict.

Respondent, Margaret Walker, plaintiff in the principal action, sued the relator and a co-defendant, Clarence Latson, alleging that she had been falsely imprisoned by Latson and maliciously prosecuted by relator. She sought actual and exemplary damages from both defendants.

The case was tried to a jury, and after several days of deliberation the jury communicated to the court that it had unanimously answered four of the special issues and a part of a fifth special issue but that it was deadlocked as to the remaining issues. The trial judge instructed the jury to answer the special issues upon which it could agree and to have the foreman sign the charge. The jury returned its verdict accordingly, and the jury was polled and found to be unanimous in its verdict. The judge received and filed the partial verdict in open court and discharged the jury.

The relator subsequently filed a motion for entry of the judgment on the verdict, but the trial court refused to enter judgment and, instead, at plaintiff's request, declared a mistrial, reciting as the sole ground for its order that the jury's verdict was incomplete.

■ Where a jury returns a legally sufficient partial verdict and its answers to certain issues are of such a nature that a party is entitled to judgment no matter what the jury might have responded to the unanswered issues, it is the duty of the trial court to enter a judgment upon the verdict. *Anheuser-Busch, Inc. v. Smith*, 539 S.W.2d 234 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ); *Stalder v. Bowen*, 373 S.W.2d 824 (Tex.Civ.App.—Dallas 1963, writ ref'd n. r. e.).

■ In response to special issue number one the jury found that relator had instituted criminal proceedings against the plaintiff, but in response to special issue number three it found that relator had probable cause for doing so. In order for the plaintiff to recover against relator in her action for malicious prosecution, she was required to obtain a jury finding that the relator acted without probable cause. *Dallas Joint Stock Land Bank of Dallas v. Britton*, 134 Tex. 529, 135 S.W.2d 981 (1940). Thus, the jury's response to the third special issue rendered immaterial the jury's unanswered special issues pertaining to her claim for the alleged malicious prosecution.

■ With respect to the false imprisonment issues, the jury answered all sub-parts of special issues eight and nine, finding that the plaintiff was entitled to "0" damages as a result of the alleged detention by the defendant Latson. These findings rendered immaterial special issues five and six pertaining to the alleged illegal detention.

Under the jury's answers to the special issues submitted, both defendants were entitled, as a matter of law, to a take-nothing judgment, and mandamus will issue to require the trial judge to enter the only judgment which could be rendered on the verdict. *Shamrock Fuel & Oil Sales Co. v. Tunks,* 416 S.W.2d 779, 781 (Tex.1967); *Anheuser-Busch, Inc. v. Smith, supra.*

This court is confident that the trial judge will proceed to enter judgment in accordance with this opinion, and only in the event the trial court should fail to so proceed, will the clerk of this court issue the necessary writ requiring such action.