MAUPIN CONSTRUCTION CO., et al., Relators,

v.

The Honorable Thomas J. STOVALL, Judge of 129th District Court, Harris County, Texas, Respondent.

No. 01–82–0701–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 23, 1982.

Kevin Dubose and Richard Stanford, Houston, for relators.

Douglas Ogle, Houston, for respondent.

## OPINION

JACK SMITH, Justice.

This is an original action for mandamus in which the relators, Maupin Construction Co. and Horizon Properties Corp., seek to have the district court set aside an order granting a new trial.

The facts giving rise to this mandamus proceeding are undisputed. The cause of action was tried to a jury and resulted in a jury verdict. The trial court, based on the jury's verdict, entered a take nothing judgment for the relators herein. The plaintiff in the trial court filed a motion for a new trial setting forth numerous reasons why a new trial should be granted. The trial court granted that motion on the following basis:

... two jury jury questions sent out by the jury to the trial judge during the course of deliberations and the Court's response to the jury notes have disappeared or have been lost and cannot be made a part of the record; said Plaintiff's motion for new trial is granted upon the above stated grounds and none other...

Subsequent to granting the motion for new trial, the trial court made the following supplemental findings of fact:

1. That during the jury deliberation at the conclusion of this trial there were two notes sent out by the jury; that these notes were read, analyzed, and answered by the court and the attorneys; but that the original text of the notes have been lost and is no longer available.

2. That while it is impossible to reduce the text of these notes verbatim, the substance of the two notes was as follows:

Q. If we answer special issue No. 3 "no" do we will still have to answer special issue No. 4?

A. Yes.

Q. Is possible for us to fine Maupin Construction without Mr. Anglin getting money?

A. You should not be considering questions like this. I direct you again to part 4 of the Court's charge which says that you should not concern yourselves with the effect of your answers.

3. Defendants have offered to stipulate that this was the substance of the questions and answers that passed between the jury and court during their deliberation. Plaintiffs refused to so stipulate, have offered no stipulation of their own, and object to this finding entered by the Court.

It is a well-established principle of law that the trial court has the discretion to

grant a motion for a new trial. *Johnson v. Court of Civil Appeals,* 162 Tex. 613, 350 S.W.2d 330 (Tex.1961). Under Art. 1733 Tex.R.Civ.Stat. (1964), the Supreme Court has the power to correct abuses of discretion in certain lower courts where there is no adequate remedy by appeal. The Courts of Appeals are not vested with such power. *Crane v. Tunks,* 160 Tex. 182, 328 S.W.2d 434 (Tex.1950). The Courts of Appeals are specifically vested with limited writ of mandamus jurisdiction. (Tex.Const., Art. V sec. 6; Art. 1735a (Supp.1973) and Arts. 1823, 1824 (Tex.Rev.Civ.Stat. (1964).

In *Johnson v. Court of Civil Appeals,* supra, the Supreme Court found that there were two instances where intermediate appellate courts have directed a trial court to set aside an order granting a motion for a new trial. Those were:

(1) When the trial court's order was wholly void, as where it was not entered in the term in which the trial was had;

(2) Where the trial court has granted a new trial, specifying in the written order as the sole ground that the jury's answers to special issues were conflicting.

However, in *Anheuser-Busch, Inc. v. Smith,* 539 S.W.2d 234 (Tex.Civ.App.— Houston [1st Dist.], 1976, no writ), this court noted that the authority of this court to compel a district court to proceed to trial and judgment necessarily authorizes the court of appeals to accept and to order filed a proper order after it has been returned by the jury to the court. That case involved a situation where, under the jury's response to the liability issue, the plaintiff could not recover regardless of what figure may have been entered on the damage issues. The damage issues were unanswered by the jury. The court held that the trial court should have ordered the verdict filed and should have entered the judgment. The conclusion was based upon the fact that the granting of a mistrial was a ministerial act and did not involve a matter of discretion. We note that the mistrial in *Anheuser-Busch,* was granted by the trial court prior to the time a judgment was entered.

In the instant case, the trial court had entered a final judgment prior to the time the respondent filed his motion for a new trial. The relators contend that the communication between the court and the jury does not have to be made a part of the transcript for appellate purposes and that there are other means to supply the missing information that can be used. We agree that there are other means to supply the missing information; however, we note that it is within the trial court's discretion to permit such substitution of information. Since there are matters of discretion involved in the stated reasons for the granting of the motion for the new trial, the setting aside of the judgment was not a ministerial act.

We further note that one of the primary allegations in the respondent's motion for new trial was that the lost notes sent by the jury to the judge reflected jury bias and prejudice against the plaintiff. Although the trial court has attempted to reconstruct the content of the lost jury notes, it is obvious from the trial court's granting of a new trial that the trial court was of the opinion that the loss of the jury notes was of such magnitude that the appellate court, without a complete record, could not perceive the true picture of what occurred during the course of the trial. In the two instances cited by the Supreme Court in *Johnson v. Court of Civil Appeals, supra,* and in *Anheuser-Busch, supra,* the intermediate appellate court granted the mandamus to compel a trial court to perform a *ministerial* act. In the instant case the relator is seeking a mandamus to set aside a *discretionary* act of the trial court. This we cannot do.

We hold that the action of the trial court in this instance was an act of discretion and that an intermediate appellate court does not have jurisdiction in a mandamus proceeding to set aside the granting of a new trial when such action by the trial court involves discretionary and not ministerial acts. See, *City of Perryton v. Boyer,* 423 S.W.2d 170 (Tex.Civ.App. Amarillo, 1968, mand. over'd), and *Angelina Casualty Co. v. Fisher,* 319 S.W.2d 387 (Tex.Civ.App. —Beaumont 1958, no writ).

The petition for writ of mandamus is denied.

BASS, J., sitting.

DUGGAN, J., dissents.

DUGGAN, Justice, dissenting.

I respectfully dissent. The only issue involved in this appeal is whether the loss of two jury notes to the court, and the court's written answers to those inquiries, requires the court to grant a new trial. The court granted a new trial for the stated reason "that two jury questions sent out by the jury to the trial judge during the course of the jury deliberations and the court's response to the two jury notes have disappeared or been lost and cannot be made a part of the record; said plaintiff's motion for new trial is granted upon the above-stated grounds and none other..." The respondent, although objecting to the trial court's filing of supplemental findings concerning the content of the notes and answers to the notes, has not suggested in any manner that the findings of the content of these instruments are erroneous. Thus, the content of the instruments is not at issue.

Rule 376 of the Texas Rules of Civil Procedure provides an inclusive list of items that must be included in a complete transcript for appellate purposes; that rule makes no mention of communications with the jury.

Nor do Rules 265 and 266 of the Texas Rules of Civil Procedure, pertaining to communications between the court and jury during jury deliberations, indicate that written communications between the court and jury must be made a part of the transcript.

I cannot agree with the majority's statement in its opinion that "it is obvious from the trial court's granting of a new trial that the trial court was of the opinion that the loss of the jury notes was of such magnitude that the appellate court, without a complete record, could not perceive the true picture of what occurred during the course of the trial." If the trial court had been of the opinion that the loss of written communications between the court and jury prejudiced or harmed any party and caused an injustice, it could have made a finding to that effect as a basis for determining the missing notes to be necessary on appeal, or it could simply have granted a new trial without stating any reasons. To the contrary, however, it entered a precisely worded order granting a new trial solely on the basis that a new trial was required because of the loss of the original communications between the court and jury.

The record clearly shows that the trial court concluded as a matter of law that the missing jury notes *per se* made the record incomplete.

I am of the opinion that the trial court made an erroneous judgment on the law and that its order for a new trial constituted an abuse of its discretion. The relators have complied with the rules of civil procedure by obtaining findings from the court as to the content of the missing instruments. There being no indication that the respondent received an unfair trial, I would grant the relators' petition for mandamus and order the trial court to set aside its order granting a new trial.