NUMBER 13-00-058-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


IN RE: JUAN MANUEL SANCHEZ, ET AL., Relators.

____________________________________________________________________


On Petition for Writ of Mandamus.


____________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Hinojosa and

Yañez

Opinion by Justice Hinojosa



 This original mandamus proceeding concerns the propriety of the
trial court's order granting a new trial. Relators, Juan Manuel Sanchez,
Ester Sanchez, and Maria Evelia Villarreal, individually and as next friend
of Pedro Villarreal, Jr. (collectively "Sanchez"), have filed a petition for
writ of mandamus in which they ask this Court to vacate an order
granting a new trial signed by respondent, the Honorable Rogelio
Valdez, Presiding Judge of the 357th District Court of Cameron County,
dated January 13, 1998, in Cause No. 97-09-6016-E. Sanchez
contends respondent signed the order after the trial court's plenary
jurisdiction had expired. Sanchez further asks this Court to reinstate the
default judgment obtained in Cause No. 97-09-6016-E on October 30,
1997. The real party in interest, Charles Steiger, has filed a response. 
Without hearing oral argument, we deny relators' petition for writ of
mandamus.

A. Background


 On September 25, 1997, Sanchez sued Charles Steiger in the
357th District Court of Cameron County for personal injuries received in
a two car accident in San Benito, Texas. Steiger failed to file a timely
answer, and Sanchez took a default judgment on October 30, 1997.

 On November 14, 1997, Steiger filed a motion for new trial. A
hearing on the motion was set for December 18, 1997. Before the
December 18th hearing, the parties agreed to a new trial. An agreed
order was submitted to the court on December 30, 1997, with the
signatures of counsel for both Sanchez and Steiger. The order was file-stamped by the court clerk on January 13, 1998.

 On February 19, 1998, Sanchez realized the copy of the order he
had received from the court clerk was an unsigned copy that was file-stamped for entry on January 13, 1998. The docket sheet reflects that
the order was signed on February 13, 1998. Sanchez alleges he talked
to the court clerk on or about February 19, 1998 concerning the
unsigned document and the clerk replied, "The judge must have missed
it; that the judge signs so many documents."

 On March 2, 1998, Steiger filed a judgment nunc pro tunc asking
the trial court to sign the order granting the new trial to correct the
clerical mistake. On April 1, 1998, Sanchez filed a plea to the
jurisdiction explaining that a judgment nunc pro tunc could not correct
a trial court's failure to timely sign an order granting a new trial, and the
trial court's plenary jurisdiction had expired. Sanchez further alleged
that sometime after February 19th, the trial court had back-dated the
order to reflect that it was signed on January 13, 1998. On August 12,
1998, Sanchez filed a motion to recuse Judge Valdez on the grounds
that to properly develop a record on the plea to the jurisdiction, the
testimony of Judge Valdez would be necessary. The motion was heard
and denied by the Honorable Benjamin Euresti, Presiding Judge of the
107th District Court of Cameron County, on November 6, 1998. On
January 28, 1999, Judge Valdez heard and denied Sanchez's plea to
the jurisdiction.

B. Standard of Review


 Mandamus is an extraordinary writ which should be issued only
when there has been a clear abuse of discretion committed by the trial
court and there exists no adequate remedy by appeal. Walker v. Packer,
827 S.W.2d 833, 839-40 (Tex. 1992). In ordinary circumstances,
an order granting a new trial is not reviewable on appeal, as it is
considered an interlocutory order. Gee v. Lewisville Mem. Hosp., Inc.,
849 S.W.2d 458, 461 (Tex. App.--Fort Worth 1993, writ denied). 
Moreover, it is the general rule, well established, that an appellate court
will not review by mandamus an action of the trial court granting a new
trial while it still has jurisdiction of the cause. Johnson v. Court of Civil
Appeals for the Seventh Supreme Judicial Dist. of Tex., 162 Tex. 613,
350 S.W.2d 330, 331 (1961). In other words, while the trial court has
jurisdiction, its discretion and judgment in granting a new trial cannot
be controlled or directed by mandamus. Id. (citing Angelina Cas. Co. v.
Fisher, 319 S.W.2d 387, 388-89 (Tex. Civ. App.--Beaumont 1958, orig.
proceeding); Anchor v. Martin, 116 Tex. 409, 292 S.W. 877, 877 (Tex.
Com. App. 1927, orig. proceeding); Trevino v. Doughty, 311 S.W.2d
276, 278 (Tex. Civ. App.--San Antonio 1958, orig. proceeding)). 

 Mandamus is appropriate to correct a void order of the trial court,
however. Urbish v. 127th Judicial Dist. Court, 708 S.W.2d 429, 431
(Tex. 1986); Texas v. Ferguson, 133 Tex. 60, 63, 125 S.W.2d 272, 274
(1939) (orig. proceeding); McGrew v. Heard, 779 S.W.2d 455, 457 (Tex.
App.--Houston [1st Dist.] 1989, orig. proceeding). "An order is void
when a court has no power or jurisdiction to render it." Urbish, 708
S.W.2d at 431. When an order granting a new trial is wholly void
because it was entered by a court without jurisdiction, the matter
becomes one which is reviewable by writ of mandamus. See Johnson,
350 S.W.2d at 331; Trinity Capital Corp. v. Briones, 847 S.W.2d 324,
325 (Tex. App.--El Paso 1993, orig. proceeding); Angelina Cas. Co., 319
S.W.2d at 388.

C. Analysis


 Texas Rule of Civil Procedure 329b(a) states that a motion for new
trial must be filed within thirty days of judgment. Tex. R. Civ. P.
329b(a). If such a motion is timely filed, rule 329b(c) grants plenary
power to the trial court for seventy-five days from the date judgment
was signed. Tex. R. Civ. P. 329b(c). If the court overrules the motion,
it retains plenary power to vacate or alter the judgment "until thirty
days after all such timely filed motions are overruled, either by a written
and signed order or by operation of law, whichever occurs first." Tex.
R. Civ. P. 329b(e). Section (e), by its terms, applies only where the
motion for new trial has been overruled. Alvarez v. Brasch, 747 S.W.2d
551, 552 (Tex. App.--Corpus Christi 1988, orig. proceeding). Thus, the
maximum duration of the trial court's plenary power is 105 days (thirty
days after motion overruled by operation of law), but otherwise, it
terminates thirty days after a motion is overruled by an earlier order. 
Only a motion for new trial may extend the trial court's plenary power.

 The order in the trial court's file reflects the trial court granted
Steiger's motion for new trial on January 13, 1998. This was well
within the trial court's plenary power. Sanchez asserts this order was
not signed on January 13, 1998, but rather that it was back-dated
sometime after February 19, 1998, when the trial court had already lost
plenary power. Sanchez contends the order could not have been signed
on January 13, 1998, because: (1) the clerk of the court, Irene Garcia,
mailed the order, sans signature, to counsel on January 14, 1998; (2)
the clerk confirmed the judge had not signed the order; and (3) the
docket sheet reflects the order was signed on February 13, 1998. 

 It is well-settled that a written order must appear somewhere in
the court's record in order to be effective, whether it be in the court's
file record or in the minutes of the court. Since 1923, Texas courts have
consistently enforced the following general rule: all orders must be
entered of record to be effective. State Farm Ins. Co. v. Pults, 850
S.W.2d 691, 692-93 (Tex. App.--Corpus Christi 1993, no writ). The
order must be reduced to writing, signed by the trial court, and entered
in the record. Id. at 692. 

 Sanchez's allegation that he received a copy without the court's
signature is legitimate, but the hearing on the plea to the jurisdiction set
forth the possibility that multiple copies of the order were filed, and a
copy without the judge's signature was copied and mailed to counsel. 
Thus, this Court cannot say that Sanchez's presentation of an unsigned
copy of the order establishes that respondent signed the order after the
trial court's plenary power had expired.

 Sanchez next asserts that Irene Garcia verified that respondent
had not signed the order. Our review of the record sets forth the
opposite. When asked, "Do you file stamp for filing on orders such as
this without the judge's signature?," Garcia testified that she did not. 
Garcia further testified that at times, she files an order with multiple
copies, and sometimes the respondent will sign only one copy, other
times he will sign all the copies. Thus, Garcia's testimony does not
negate that respondent signed the order on January 13, 1998. 

 Finally, Sanchez asserts, and the docket sheet shows, that on
February 13, 1998, the "agreed order granting motion for new trial,
signed for entry. RValdez/IG." But, this entry is not sufficient to
establish that the trial court did not have plenary jurisdiction when the
respondent signed the order. Courts have continually held that docket
sheets are not part of the record because "they are inherently unreliable
because they lack the formality of orders and judgments." In re
Fuentes, 960 S.W.2d 261, 264 (Tex. App.--Corpus Christi 1997, orig.
proceeding). A docket entry may supply facts in certain situations, but
it cannot be used to contradict or prevail over a final judicial order. See
N-S-W Corp. v. Snell, 561 S.W.2d 798, 799 (Tex. 1977). The face of the
order sets forth that it was signed on January 13, 1998, and the docket
entry cannot contradict that fact.

 We conclude respondent signed the order granting the motion for
new trial on January 13, 1998, during the time the trial court had
plenary power. Accordingly, we hold the trial court's order granting the
motion for new trial is not void.

 We deny relators' petition for writ of mandamus.


 FEDERICO G. HINOJOSA

 Justice


Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

31st day of August, 2000.