In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-318 CV


____________________



IN RE E.I. DUPONT DE NEMOURS AND COMPANY






Original Proceeding






 MEMORANDUM OPINION


 In this petition for writ of mandamus, relator E.I. DuPont de Nemours and Company
("DuPont") contends the trial court abused its discretion by granting a motion for new trial
filed by the plaintiffs/real parties in interest after a jury rendered a verdict in relator's favor
in the underlying proceeding. In their motion for new trial, plaintiffs argued two bases for
granting a new trial: that the jury's failure to find DuPont negligent was against the great
weight and preponderance of the evidence, and that the jury was potentially influenced by
a local publication's coverage of the trial.

 Specifically, relator argues the trial court abused its discretion by failing to state in
its order its reason for granting a new trial, and that on this record, neither of the plaintiffs'
asserted bases for new trial was sufficient to justify a new trial. Under the Texas Rules of
Civil Procedure, a trial judge has broad discretion to grant a motion for new trial. See Tex.
R. Civ. P. 320 ("New trials may be granted and judgment set aside for good cause, on motion
or on the court's own motion on such terms as the court shall direct."). The Texas Supreme
Court has stated that generally "an appellate court will not review by mandamus an action
of the trial court granting a new trial while it still has jurisdiction of the cause. The discretion
and judgment of the trial court in granting a new trial cannot be controlled or directed by
mandamus." Johnson v. Court of Civil Appeals for the Seventh Supreme Judicial Dist., 162
Tex. 613, 350 S.W.2d 330, 331 (Tex. 1961). While exceptions to the general rule exist,
DuPont does not demonstrate that they are similar to the circumstances upon which the trial
court exercised its discretion here. See id. In light of the Texas Supreme Court's precedent,
we deny the petition for writ of mandamus.

 PETITION DENIED.

 PER CURIAM

Opinion Delivered July 24, 2008

Before McKeithen, C.J., Kreger and Horton, JJ.