In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-09-00098-CV


____________________



IN RE UNITED SCAFFOLDING, INC.


 




Original Proceeding






OPINION



 In this petition for writ of mandamus, relator United Scaffolding, Inc. contends the
trial court abused its discretion by granting a motion for new trial filed by James Levine and
Lisa Levine after a jury rendered a verdict in the underlying proceeding. The trial court
granted the motion and ordered a new trial "in the interest of justice and fairness."

 United Scaffolding contends the trial court abused its discretion by granting a motion
for new trial "in the interest of justice and fairness" without identifying the particular
injustice or wrongdoing that occurred in the case. In their motion for new trial, the Levines
challenged the factual sufficiency of the zero damages awarded by the jury for physical pain
and suffering, mental anguish, physical impairment, past medical care, and loss of earning
capacity where James Levine had an objective injury and the jury awarded $178,000 for
future medical care. The Levines also argued that the jury's failure to award damages for
pain and suffering, mental anguish, physical impairment, and loss of consortium caused by
the defendant's negligence presents a definite injustice even if the award of zero damages
on those categories of damages is not against the great weight and preponderance of the
evidence.

 A new trial may be granted for good cause shown in a party's motion and may be
granted when the damages are manifestly too small. See Tex. R. Civ. P. 320. A motion for
new trial must identify each point relied upon in such a way that the objection can be clearly
identified and understood by the court. See Tex. R. Civ. P. 321. In this case, the Levines'
motion for new trial clearly identified their specific complaint that the zero damages findings
are manifestly too small and the trial court's reason for granting the new trial is evident from
the face of the motion granted by the trial court.

 Generally, "an appellate court will not review by mandamus an action of the trial court
granting a new trial while it still has jurisdiction of the cause. The discretion and judgment
of the trial court in granting a new trial cannot be controlled or directed by mandamus."
Johnson v. Court of Civil Appeals for the Seventh Supreme Judicial Dist. of Tex., 162 Tex.
613, 350 S.W.2d 330, 331 (Tex. 1961). In this case, the mandamus record does not reveal
a denial of due process and United Scaffolding does not demonstrate that the trial court acted
outside the limits of its discretion. See Johnson v. Fourth Court of Appeals, 700 S.W.2d 916,
918 (Tex. 1985); In re E.I. duPont de Nemours and Co., No. 09-08-318-CV, 2008 WL
2838776, *1 (Tex. App.--Beaumont July 24, 2008, mand. filed). Accordingly, we deny the
petition for writ of mandamus.

 PETITION DENIED.



 ______________________________

 STEVE McKEITHEN

 Chief Justice



Submitted on March 26, 2009

Opinion Delivered April 16, 2009


Before McKeithen, C.J., Gaultney and Kreger, JJ.


DISSENTING OPINION



 The Rules require that error relied upon in a motion for a new trial constitute "good
cause" to grant a new trial, and be "clearly identified." See Tex R. Civ. P. 320, 321. A
ground that asserts "the verdict of the jury is contrary to law, and the like -- shall not be
considered by the court." See Tex. R. Civ. P. 322. The trial court abused its discretion by
granting a new trial based on a ground of "the like" precluded by Rule 322. Generally, an
order granting a motion for new trial is not reviewable on appeal. Wilkins v. Methodist
Health Care Sys., 160 S.W.3d 559, 563 (Tex. 2005) (citing Cummins v. Paisan Constr. Co.,
682 S.W.2d 235, 236 (Tex. 1984)). The appropriate and only available remedy is a petition
for writ of mandamus. We should issue the writ in this case.

 The trial occurred three years after the accident. The jury found no past medical
expenses, no past physical pain, no past mental anguish, no past physical impairment, no past
loss of earning capacity, no loss of future earning capacity, no future mental anguish, no pain
in the future, and no physical impairment in the future. The jury awarded damages for
medical care that plaintiff "will incur in the future."

 In their motion for new trial, the Levines (plaintiffs and real parties in interest)
challenged the sufficiency of the evidence to support the jury's verdict. Whether a damage
award is manifestly too small or too large -- that is, whether the award is inadequate or
excessive -- generally is determined by a review of the sufficiency of the evidence to support
the verdict. See generally Larson v. Cactus Util. Co., 730 S.W.2d 640, 641-42 (Tex. 1987)
(sufficiency of the evidence review by trial court and appellate court); see also Mar.
Overseas Corp. v. Ellis, 971 S.W.2d 402, 406-07 (Tex. 1998) (excessiveness); Marshall v.
Superior Heat Treating Co., 826 S.W.2d 197, 200 (Tex. App.--Fort Worth 1992, no writ)
(zero damages award); Roberts v. Tatum, 575 S.W.2d 138, 140-41 (Tex. Civ. App.--Corpus
Christi 1978, writ ref'd n.r.e.). Alternatively, the motion asserted that the case presented an
"appropriate situation" in which to order a new trial in the interest of fairness and justice,
"even if [the trial court] determines that the award of zero damages is not against the great
weight and preponderance of the evidence." The trial court granted the Levines' motion and
ordered a new trial based on the second ground -- "in the interest of justice and fairness." (1)

 The majority opinion states the general rule concerning mandamus review of a trial
court's grant of a new trial. See Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 918
(Tex. 1985); Johnson v. Court of Civil Appeals for the Seventh Supreme Judicial Dist. of
Tex., 162 Tex. 613, 350 S.W.2d 330, 331 (1961). This Court recently noted, however, that
there are "exceptions to the general rule" that an appellate court will not review by
mandamus a trial court's order granting a new trial. See In re E. I. DuPont de Nemours &
Co., No. 09-08-318 CV, 2008 Tex. App. LEXIS 5443, at **1-2 (Tex. App.--Beaumont July
24, 2008, orig. proceeding)(mand. filed). Mandamus law has changed since the 1985
decision in Johnson v. Fourth Court of Appeals. See Walker v. Packer, 827 S.W.2d 833,
839-40 (Tex. 1992); see also In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-141
(Tex. 2004); Helen A. Cassidy, The Instant Freeze-Dried Guide to Mandamus Procedure in
Texas Courts, 31 S. Tex. L. Rev. 509, 512 (1990); see In re Bayerische Motoren Werke, AG,
8 S.W.3d 326 (Tex. 2000) (Hecht, J. dissenting). What is clear is that there have always been
exceptions to the general rule. See In re DuPont, 2008 Tex. App. LEXIS 5443, at **1-2.

 The Levines point to the fact that this Court denied the petition for mandamus in In
re DuPont, another case involving an order from this trial court that granted a new trial
without explanation. Id. Rule 322 is mandatory, and whether or not applicable under the
circumstances in In re DuPont, the Rule is applicable to the ground argued in the motion for
new trial at issue here. See Tex. R. Civ. P. 322.

 Rule 322 precludes a trial court from considering "[g]rounds of objections couched
in general terms[,]" specifically an argument that "the verdict of the jury is contrary to law,
and the like[.]" Id. The argument made in this case was that even if the jury verdict was
supported by sufficient evidence, the trial court should, in the alternative, rule the verdict
contrary to the interest of justice and fairness. That is an objection of "the like" that Rule
322 states "shall not be considered" by the trial court, assuming no specific error of law or
fact is given as a reason. See Tex. R. Civ. P. 322.

 The Supreme Court has emphasized that a court cannot "substitute its judgment for
that of the jury" when the evidence is sufficient to support the verdict. See Larson, 730
S.W.2d at 641. The trial court order does not indicate any reason why the interest of justice
and fairness is served by setting aside a jury verdict that the trial court considers supported
by the evidence. The trial court did not follow the Rules of Civil Procedure governing
motions for new trial. See Tex. R. Civ. P. 320, 321, 322. We should grant the petition for
writ of mandamus and vacate the trial court's order. Because the majority does not, I
respectfully dissent.



 ____________________________

 DAVID GAULTNEY

 Justice


Dissent Delivered 

April 16, 2009
1. The Levines assert in their response to the mandamus petition that "there is no
allegation in the Motion for New Trial that the jury's answers were in conflict, incomplete,
or unresponsive to the questions asked." The Levines explain their "Motion for New Trial
was based on two alternative grounds: (1) [f]actual insufficiency of the evidence and (2) in
the interest of justice." They state that "[t]he trial judge ordered the new trial based on the
second argument -- not an 'unknown reason.'"