Protacio TRIGO et al., Relators,

v.

C. W. LAUGHLIN, as Judge of the 79th Judicial District Court of Starr County, Texas, et al., Respondents (two cases).

Motions Nos. 18955, 18985.

Court of Civil Appeals of Texas. San Antonio.

Nov. 20, 1957.

Kelley, Looney, McLean & Littleton, Ralph L. Alexander, Edinburg, for relators.

Pope & Pope, Rio Grande City, for respondents.

W. O. MURRAY, Chief Justice.

On October 21, 1957, Relators, Protacio Trigo and others, filed in this Court a motion for leave to file a petition for a writ of mandamus. This Court, after examining the petition, overruled the motion for leave to file, without written opinion. On November 6, 1957, Relators filed a motion which they styled, "Motion for Rehearing and for Oral Argument on Relators' Motion for Leave to File Petition for Writ of Mandamus." The petition for mandamus discloses that since June 22, 1932, Cause No. 1219, styled Guerra et al. v. Gomez et al., has been quietly resting upon the drop docket of the District Court of Starr County, Texas. On June 7, 1955, plaintiffs therein filed a motion to reinstate such cause, and on March 18, 1957, filed an amended motion to reinstate, and on March 26, 1957, filed a second amended motion to reinstate. Defendants answered these motions and, among other things, moved that the cause be dismissed for want of jurisdiction.

Relators state that "it is upon the order of the respondent C. W. Laughlin's overruling the motion to dismiss for want of jurisdiction that his petition for writ of mandamus is predicated." Relators ask that this Court issue a writ of mandamus ordering and directing Respondent C. W. Laughlin as Judge of the 79th Judicial District Court of Starr County, Texas, to enter an order dismissing said Cause No. 1219.

■ We do not have jurisdiction to issue such a writ of mandamus. All of the authority that we have to issue writs of mandamus is found in Article 1823 and Article 1824, Vernon's Ann.Civ.Stats. Art. 1824 provides that we may issue a writ of mandamus to compel a judge of the district or county court to proceed to trial and judgment in a cause, but such a mandamus is not here prayed for and therefore Art. 1824 does not apply.

Article 1823 provides: "Said courts (Courts of Civil Appeals) and the judges thereof may issue writs of mandamus and all other writs *necessary to enforce the jurisdiction of said courts.*" (Emphasis added.)

We would be in no way enforcing the jurisdiction of this Court if we were to order a case on the drop docket of the District Court of Starr County, Texas, dismissed.

■ Relator cites a number of cases passing upon the question of the jurisdiction of the Supreme Court of this State to issue writs of mandamus. The Supreme Court derives its jurisdiction to issue writs of mandamus and other similar writs from an entirely different source from that of the Courts of Civil Appeals. Arts. 1733 to 1735, Vernon's Ann.Civ.Stats., relate to the jurisdiction of the Supreme Court to issue writs of mandamus and other such writs, and it might here be noted that the Supreme Court is given much broader jurisdiction in such matter than the Courts of Civil Appeals.

Relators' motion for a rehearing will be in all things overruled.

BARROW, J., not participating.