Barnett W. GARRISON, Relator,

v.

Honorable Herman W. MEAD,
Respondent.

No. 16955.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

June 30, 1977.

Schleider & Ewing, Ben H. Schleider, Jr., Harry G. Dippel, Paul S. Francis, Houston, for relator.

Joe G. Resweber, County Atty., Billy E. Lee, Asst. County Atty., Houston, for respondent.

Liddell, Sapp, Zivley & Brown, Willis Witt, Conway L. Wallace, Lackshin & Nathan, Bernus Wm. Fischman, Houston, for Rita J. Wilder as amicus curiae.

PEDEN, Justice.

Relator brings this original proceeding to terminate a pending divorce suit in view of the death of the other party to the divorce, Candace Mossler Garrison. He seeks a writ of mandamus to compel dismissal of the divorce or a writ of prohibition to prevent further proceedings other than dismissal.

On December 3, 1975, the trial judge signed an order granting a divorce to Mrs. Garrison but reciting that he had appointed

a master in chancery to receive evidence and report on the property owned by the parties; the decree also stated that the court was not determining such rights at that time but was retaining "jurisdiction of the property rights of the parties until the entry of a final decree of divorce in this cause." The master later filed a suggestion of death of Candace Mossler Garrison. Although the trial judge does not appear to have refused to dismiss this cause, he has stated that he would do nothing until this appellate court acts on the petitions before us in this proceeding.

■ An order granting a divorce but leaving in abeyance the disposition of the parties' property rights is an interlocutory decree. *Restelle v. Williford,* 364 S.W.2d 444 (Tex.Civ.App.1963, writ ref., n. r. e.).

■ The death of a party before judgment in a divorce case abates the action absolutely and automatically abates the court's incidental powers concerning property rights. *Parr v. White,* 543 S.W.2d 445, 448 (Tex.Civ.App.1976, writ ref., n. r. e.); *Ex parte Cahill,* 286 S.W.2d 210 (Tex.Civ. App.1955, no writ).

In *Dunn v. Dunn,* 439 S.W.2d 830 (Tex. 1969), the husband died after the trial judge's oral pronouncement of divorce but before written entry of a decree. The primary issue on appeal turned on whether the trial court had lost jurisdiction of the judgment at the husband's death. After holding that a written judgment signed by the trial judge was not a prerequisite to finality of the judgment, the Supreme Court then examined the trial judge's oral pronouncement and concluded that since it fully determined the parties' property rights, it was a final judgment, not merely an interlocutory one.

■ When the jurisdiction of the divorce court is invoked by the pleadings of either spouse, the court must decree a division of the property. *Hailey v. Hailey,* 160 Tex. 372, 331 S.W.2d 299, 302 (1960). Under Article 3.63 of the Family Code, the trial court may not sever the property division from the divorce action. *Reed v. Williams,*

545 S.W.2d 33 (Tex.Civ.App.1976, no writ); *Angerstein v. Angerstein,* 389 S.W.2d 519 (Tex.Civ.App.1965, no writ); *Adam v. Stewart,* 552 S.W.2d 536, 1977.

It does not appear from the limited record before us in our case that before Mrs. Garrison died the trial court had rendered a final judgment, either by oral pronouncement or by written entry.

■ We believe, however, that we lack jurisdiction to grant the relief sought by the relator. Our appellate jurisdiction has not been invoked. The authority of courts of civil appeals to issue coercive writs is limited to that granted in Articles 1823 and 1824 of Vernon's Texas Civil Statutes: i. e., to issue writs necessary to enforce their jurisdiction or to compel a district or county court to proceed to trial and judgment in a cause. *Johnson v. Court of Civil Appeals,* 162 Tex. 613, 350 S.W.2d 330 (1961). Courts of civil appeals lack authority to issue writs of mandamus ordering dismissal of a cause for want of jurisdiction. *Trigo v. Laughlin,* 307 S.W.2d 293, 294 (Tex.Civ.App.1957, no writ); accord, *Parr v. Carrillo,* 526 S.W.2d 250, 251 (Tex.Civ.App.1975, no writ).

■ Nor do we have authority to issue a writ of prohibition to prevent respondent from proceeding with the pending suit. Courts of civil appeals have not been given supervisory control over district and county courts and are not authorized, in an original proceeding, to forbid a district judge from exercising further jurisdiction in a pending cause. *Texas Employers' Ins. Ass'n v. Kirby,* 150 S.W.2d 123, 124 (Tex.Civ.App.), approved, 137 Tex. 106, 152 S.W.2d 1073 (1941); *Guillory v. Davis,* 527 S.W.2d 465, 466 (Tex.Civ.App.1975, no writ).

The petitions are dismissed for want of jurisdiction.