# NO. 12-20-00138-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *MARK SCHWARZER,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### MEMORANDUM OPINION
### PER CURIAM

Mark Schwartzer, a Texas inmate acting pro se, filed this original proceeding complaining that he attempted to file a writ of injunction on four occasions with the 159th District Court of Angelina County and that Respondent, Reba Squyres, the Angelina County District Clerk rejected the documents on each occasion.[1] He also complains that Respondent, the Honorable Paul E. White, Judge of the 159th District Court, denied him due process and refused to perform his official duties to consider his writ of injunction. He states that his preference is to now file with the 217th District Court.

Regarding Squyres, Relator contends that she abused her discretion by failing to file his writs of injunction for the release of state prisoners due to the COVID-19 pandemic. However, a district clerk is not a judge over which this Court has mandamus jurisdiction; nor does the record demonstrate that issuance of a writ of mandamus against Squyres is necessary to protect this Court's jurisdiction.[2] *See* TEX. GOV'T CODE ANN. § 22.221(a), (b) (West 2004) (writ power); *see*

---

[1] Stephen Bryant, Lorie Davis, Bryan Collier, Dale Wainright, and Governor Greg Abbott appear to be the Real Parties in Interest.

[2] For instance, we have jurisdiction to issue a writ of mandamus against a district clerk for failure to forward to this Court a notice of appeal delivered to the clerk for filing because such is necessary to enforce our jurisdiction. *In re Talkington*, No. 12-07-00272-CR, 2007 WL 2178551, at *1 (Tex. App.—Tyler July 31, 2007, orig. proceeding) (mem. op., not designated for publication); *see Ex parte Sanders*, No. WR-80,356-01, 2013 WL 5872901, at *1 (Tex. Crim. App. Oct. 30, 2013) (order, not designated for publication) (per curiam); *see also In re Foster*, No. 14-16-00698-CR, 2016 WL 5853282, at *1 (Tex. App.—Houston [14th Dist.] Oct. 6, 2016, orig.

*also **In re Eaton***, No. 12–15–00118–CR, 2016 WL 6876502, at \*1 (Tex. App.–Tyler, Nov. 22, 2016, orig. proceeding) (mem. op., not designated for publication) (per curiam) (appellate court lacked jurisdiction to consider merits of mandamus petition as to district clerk); ***In re Vargas***, No. 01-12-00351-CV, 2012 WL 1454550, at \*1 (Tex. App.—Houston [1st Dist.] Apr. 26, 2012, orig. proceeding) (mem. op) (per curiam) (dismissing mandamus proceeding against district clerk for want of jurisdiction because addressing complaint that clerk refused to file petition was not necessary to enforce appellate court jurisdiction). Accordingly, we cannot exercise mandamus jurisdiction over Squyres under the facts of this case.

With respect to Judge White, Relator contends that Judge White caused Squyres to prevent the writ of injunction from reaching the trial court. He requests that Judge White be ordered not to make any decisions regarding the writ of injunction. This is essentially a request for a writ of prohibition. However, a writ of prohibition is a limited-purpose remedy; if is available to protect the subject matter of an appeal or to prohibit unlawful interference with enforcement of an appellate court's judgment. ***In re Miller***, 433 S.W.3d 82, 84 (Tex. App.—Houston [1st Dist.] 2014, orig proceeding). The writ will not issue to protect an appellate court's jurisdiction from the mere possibility of interference by a trial court; rather, the threat of jurisdictional interference must be imminent. ***Id***. We are unaware of any pending appeal or appellate court judgment that would require imposition of a writ of prohibition under the circumstances of this case. And an appellate court does not have general supervisory control over district and county courts. ***In re Noble***, No. 05-15-01366-CV, 2015 WL 7717307, at \*1 (Tex. App.—Dallas Nov. 23, 2015, orig. proceeding) (mem. op.); *see **Garrison v. Mead***, 553 S.W.2d 25, 26 (Tex. Civ. App.—Houston [1st Dist.] 1977, orig. proceeding) (recognizing lack of "authority to issue a writ of prohibition to prevent respondent from proceeding with the pending suit"); *see also* TEX. GOV'T CODE ANN. § 74.021 (West 2013) (Texas Supreme Court has "supervisory and administrative control over the judicial branch and is responsible for the orderly and efficient administration of justice").

---

proceeding) (mem. op., not designated for publication) (per curiam); ***In re Smith***, 263 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding).

## DISPOSITION

Having determined that we lack mandamus jurisdiction over Squyres in this case, we *dismiss* that portion of this original proceeding for *want of jurisdiction*. We *deny* that portion of the original proceeding as it pertains to Judge White. All pending motions are *overruled as moot*.

Opinion delivered September 2, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

SEPTEMBER 2, 2020

NO. 12-20-00138-CV

**MARK SCHWARZER,**
Relator
V.

**THE HONORABLE PAUL E. WHITE,**
**REBA SQUYRES**
Respondents

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Mark Schwarzer; who is the relator in appellate cause number 12-20-00138-CV. Said petition having been filed herein on June 17, 2020, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the petition be, and the same is, hereby **denied in part and dismissed for want of jurisdiction in part**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

4