**Peter MOUTON and wife, Elaine Mouton, Appellants,**

v.

**BEELINE TRUCKING COMPANY and Franklin D. Waddell, Appellees.**

No. C14–87–00141–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 7, 1988.

James B. McIver and Russell T. Van Keuren, Houston, for appellants.

Robert C. Gerringer and Gordon M. Carver, III, Houston, for appellees.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a take-nothing judgment rendered in Appellants' suit for personal injuries sustained in an automobile collision. We affirm.

The collision occurred on February 23, 1985, during a heavy rainstorm. Appellant, Mr. Peter Mouton, was a passenger in a pickup truck driven by Mr. Barry Godeaux. The collision occurred at a point where the highway converged from three lanes to two lanes. The third lane continued as a nine foot paved shoulder and two of Appellee's semi-tractor trailer trucks were parked on this paved shoulder, one behind the other. The leading truck, driven by Mr. Gardiner, was wider than the maximum legal width for such vehicles and extended approximately six inches into the right traffic lane of the highway. The other truck, driven by Mr. Haddick, did not exceed the legal width and did not extend into the roadway. Mr. Godeaux's pickup truck struck the rear of the semi-tractor trailer truck driven by Mr. Haddick. Ap-

pellants assert in their sole point of error that the trial court erred in refusing to return the jury for further deliberations and in accepting and rendering judgment on an incomplete verdict.

The case was submitted to the jury in sixteen special issues. The jury found that the negligence of the driver of the pickup truck, Mr. Godeaux, was the sole proximate cause of the collision. The jury also found in Special Issue Nos. 6 and 7 that Franklin D. Waddell d/b/a Beeline Trucking Company was negligent in operating a semi-trailer on the highway which was over eight feet, six inches in width. Appellants complain that the verdict was incomplete because the appropriate portion of the Special Issue No. 8, inquiring as to whether this negligence was a proximate cause of the accident, was not answered. The relevant Special Issues were as follows:

### SPECIAL ISSUE NO. 4

Do you find from a preponderance of the evidence that on the occasion in question James Gardiner was negligent in pulling a semi-trailer which was over eight feet six inches wide?

Answer: "Yes" or "No"

ANSWER: Yes

If you have answered Special Issue No. 4 "Yes",, [sic] then answer Special Issue No. 5; otherwise proceed to Special Issue No. 6.

### SPECIAL ISSUE NO. 5

Do you find from a preponderance of the evidence that such act or omission was a proximate cause of the occurrence in question.

Pulling a semi-trailer which was over eight feet six inches wide.

Answer: "Yes" or "No"

ANSWER: No

### SPECIAL ISSUE NO. 6

Do you find from a preponderance of the evidence that on the occasion in question that Franklin D. Waddell d/b/a Bee Line Trucking Company:

a. Failed to adequately maintain its tractor trailer rigs?

Answer: "Yes" or "No"

ANSWER: No

b. Operated a semi-trailer on the highway which was over eight feet six inches in width?

Answer: "Yes" or No"

ANSWER: Yes

If you have answered any subdivision of Issue No. 6 "Yes", then answer Issue No. 7, otherwise do not answer Issue No. 7.

### SPECIAL ISSUE NO. 7

Do you find from a preponderance of the evidence that such act or omission was negligence with respect to:

a. Failure to adequately maintain it [sic] tractor trailer rigs?

Answer: "Yes" or "No"

ANSWER: _____ (No answer given)

b. Operating a semi-trailer on the highway which was over eight feet six inches in width?

Answer: "Yes" or "No"

ANSWER: Yes

If you have answered any subdivision of Issue No. 7 "Yes", then answer Issue No. 8, otherwise, do not answer Issue No. 8.

### SPECIAL ISSUE NO. 8

Do you find from a preponderance of the evidence that such act or omission was a proximate cause of the occurrence in question with respect to:

a. Failing to adequately maintain its tractor trailer rigs?

Answer: "Yes" or "No"

ANSWER: No

b. Operating a semi-trailer on the highway which was over eight feet six inches in width?

Answer: "Yes" or "No"

ANSWER: _____ (No answer given)

### SPECIAL ISSUE NO. 12

What percentage of the negligence that caused the occurrence do you find from a preponderance of the evidence to

be attributable to each of the parties found by you to have been negligent?

The percentage of negligence attributable to a party is not necessarily measured by the number of acts or omissions found.

In answering this question, you should consider only the negligence of Franklin D. Waddell d/b/a Bee Line Trucking, James Haddick, Barry Godeaux, and James Gardiner which you have found to be a proximate cause of the occurrence; the percentages should add up to one hundred percent (100%).

Answer by stating a percentage, if any, opposite each name.

| | |
|---|---|
| Franklin D. Waddell d/b/a Bee Line Trucking Co. | 0 |
| James Haddick | 0 |
| Barry Godeaux | 100 |
| James Gardiner | 0 |
| [Total:] | 100 |

Appellants objected that the verdict was incomplete and requested that the jury be returned for further deliberations. Appellee argued that the jury had mistakenly placed its answer to Special Issue No. 8b in the space provided for an answer to 8a and that this mistake was clear because the answers to the preceding issues 6 and 7 resulted in no answer being required for 8a. The court found no conflict in the answers provided by the jury and accepted the verdict as presented. Mr. Godeaux had previously entered into a settlement agreement with Appellants; therefore, the court rendered a take-nothing judgment against Appellants on the verdict.

■ Rule 290 of the Texas Rules of Civil Procedure has been construed to require that only material issues be answered. *Anheuser–Busch, Inc. v. Smith,* 539 S.W.2d 234, 237 (Tex.Civ.App.–Houston [1st Dist.] 1976, no writ). A judgment cannot be based on a verdict containing unanswered special issues, supported by some evidence, unless those issues are immaterial, and issues are only immaterial if their answers can be found elsewhere in the charge or if they cannot alter the effect of the verdict. *Fleet v. Fleet,* 711 S.W.2d 1, 2 (Tex.1986). Where, because of other findings, a special issue not answered by the jury becomes immaterial, failure to answer that special issue does not preclude rendition of a judgment warranted by those other findings. *Texas Employers' Ins. Assn. v. Derrick,* 207 S.W.2d 199, 205 (Tex. Civ.App.–Amarillo 1947, writ ref'd n.r.e.).

■ We find that Special Issue No. 8 was rendered immaterial and duplicitous by the jury's answers to Special Issue Nos. 4 and 5. In those issues the jury found that the negligence of Mr. Gardiner in "pulling" a semi-trailer over eight feet, six inches wide was *not* a proximate cause of the accident. Special Issue Nos. 6, 7 and 8 inquired about the same material fact: whether the "operation" of the overwide semi-trailer was a proximate cause of the accident. If the driver's "pulling" of that vehicle was not a proximate cause of the accident, the owner's "operation" of that same vehicle could not be a proximate cause of Appellant's injuries. Therefore, Special Issue No. 8 was duplicitous and immaterial. Moreover, Special Issue No. 12, although a general issue, provides the answer to Special Issue No. 8b. That issue required the jury to apportion the negligence which "you have found to be a proximate cause of the occurrence." The jury answered by attributing zero percent of this negligence to Appellee and 100% to Mr. Godeaux. In such a situation the reviewing court will presume that if the jury had answered the special issue, that answer would have coincided with the answers to the other issues on the same subject. *Texas Employers' Ins. Assn. v. Derrick,* 207 S.W.2d at 205.

We hold that the Special Issue No. 8 was duplicitous and immaterial, and that the trial court did not err in refusing to return the jury for further deliberations or in accepting and rendering judgment on the jury's verdict. Point of error one is overruled.

Accordingly, the judgment of the trial court is affirmed.